IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | Honorable _____ |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | COMPLAINT and JURY DEMAND |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT

Magna Electronics Inc. hereby complains of TRW Automotive Holdings Corp., TRW Automotive US LLC, and TRW Vehicle Safety Systems Inc. and alleges as follows:

## THE PARTIES

1. Magna Electronics Inc. is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a registered office of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Plaintiff").

2. Defendant TRW Automotive Holdings Corp. ("TRW Holdings"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and headquarters located in Michigan. Upon information and belief, TRW Holdings does business under various assumed names, including without limitation, TRW Automotive and TRW Global Electronics.

3. Defendant TRW Automotive US LLC ("TRW US"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland, MI 48875-1097. Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

4. Defendant TRW Vehicle Safety Systems Inc. ("TRW Vehicle"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823.

5. On information and Defendants TRW Holdings, TRW US, and TRW Vehicle are related companies. On information and belief, TRW US and TRW Vehicle all report to TRW Holdings, either directly or indirectly, and are ultimately controlled by TRW Holdings. (The defendants are hereinafter collectively referred to as "TRW," "Defendants TRW" or "Defendants.")

6. Defendants TRW Holdings, TRW US, and TRW Vehicle, upon information and belief, are doing business within the State of Michigan and within the Western District of Michigan, and are engaged in continuous and systematic business within the Western District of Michigan, conduct and solicit business within this district and derive substantial revenue from the sales of their products and/or services within this district and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code, §§1 *et seq.* This action also arises under the Federal Declaratory Judgment

2

Act, Title 28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the Patent Laws of the United States, 35 U.S.C. §§1 *et seq.*

8. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

## BACKGROUND ALLEGATIONS

9. On August 1, 2000, United States Letters Patent No. 6,097,023 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Headlight Control Using Image Sensor." A true and correct copy of United States Patent No. 6,097,023 is attached hereto as Exhibit 1 (hereinafter the "'023 Patent").

10. On September 9, 2008, United States Letters Patent No. 7,423,248 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Automatic Exterior Light Control for a Vehicle." A true and correct copy of United States Patent No. 7,423,248 is attached hereto as Exhibit 2 (hereinafter the "'248 Patent").

11. On December 2, 2008, United States Letters Patent No. 7,459,664 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Image Sensing System for a Vehicle." A true and correct copy of United States Patent No. 7,459,664 is attached hereto as Exhibit 3 (hereinafter the "'664 Patent").

12. On March 4, 2008, United States Letters Patent No. 7,339,149 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Headlight Control Using Image Sensor." A true and correct copy of United States Patent No. 7,339,149 is attached hereto as Exhibit 4 (hereinafter the "'149 Patent").

13. On March 18, 2008, United States Letters Patent No. 7,344,261 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No. 7,344,261 is attached hereto as Exhibit 5 (hereinafter the "'261 Patent").

14. On February 2, 2010, United States Letters Patent No. 7,655,894 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Image Sensing System." A true and correct copy of United States Patent No. 7,655,894 is attached hereto as Exhibit 6 (hereinafter the "'894 Patent").

15. On August 9, 2011, United States Letters Patent No. 7,994,462 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Image Sensing System." A true and correct copy of United States Patent No. 7,994,462 is attached hereto as Exhibit 7 (hereinafter the "'462 Patent").

16. On June 19, 2012, United States Letters Patent No. 8,203,440 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No. 8,203,440 is attached hereto as Exhibit 8 (hereinafter the "'440 Patent").

17. Magna is the owner, by valid assignment, of all right, title, and interest in and to the '023, '248, '664, '149, '261, '894, '462 and the '440 Patent, including the right to seek remedies and relief for past infringement thereof.

18. Magna and its predecessors in interest have provided actual notice to Defendants TRW of the '023, '248, '664, '149, '261, '894, and '462 Patents. The filing and Notice of this action also provides actual notice to Defendants TRW of the '023, '248, '664, '149, '261, '894, '462 and '440 Patents. Defendants have notice of the '023, '248, '664, '149, '261, '894, '462 and '440 Patents.

19.     An actual and justiciable controversy exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the '440 patent. An actual and justiciable controversy likewise exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the other asserted patents in suit, namely the '023, '248, '664, '149, '261, '894, and '462 Patents.

COUNT I

Infringement of United States Patent No. 6,097,023

20.     Plaintiff incorporates and reasserts paragraphs 1-19 herein by reference.

21.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 6,097,023 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Controls Using Image Sensor embodying the patented invention of the '023 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

22.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '023 Patent, Defendants have provided Vehicle Headlight Controls Using Image Sensor to at least one third party for use in infringement of the '023 Patent. Use by third parties of the aforesaid Vehicle Headlight Controls Using Image Sensor obtained from or through Defendants TRW, upon information and belief, infringes the '023 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 6,097,023.

23.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Controls Using Image Sensor and/or components thereof with

knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Controls Using Image Sensor and/or components thereof constitute a material part of the invention of the '023 Patent and that are specially made or specially adapted for use in the infringement of the '023 Patent, and said Vehicle Headlight Controls Using Image Sensor and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use.  The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 6,097,023.

24. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

25. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '023 Patent unless enjoined by this Court.

26. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

27. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

28. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

29. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '023 Patent.

COUNT II

Infringement of United States Patent No. 7,423,248

30. Plaintiff incorporates and reasserts paragraphs 1-29 herein by reference.

31. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,423,248 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Controls Using Image Sensor embodying the patented invention of the '248 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

32. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '248 Patent, Defendants have provided Vehicle Headlight Controls Using Image Sensor to at least one third party for use in infringement of the '248 Patent. Use by third parties of the aforesaid Vehicle Headlight Controls Using Image Sensor obtained from or through Defendants TRW, upon information and belief, infringes the '248 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,423,248.

33. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Controls Using Image Sensor and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Controls Using Image Sensor and/or components thereof constitute a material part of the invention of the '248 Patent and that are specially made or specially adapted for use in the infringement of the '248 Patent, and said Vehicle Headlight Controls Using Image Sensor and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of

United States Letters Patent No. 7,423,248.

34. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

35. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '248 Patent unless enjoined by this Court.

36. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

37. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

38. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

39. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '248 Patent.

## COUNT III

### Infringement of United States Patent No. 7,459,664

40. Plaintiff incorporates and reasserts paragraphs 1-39 herein by reference.

41. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,459,664 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Image Sensing Systems for a Vehicle embodying the patented invention of the '664 Patent. Upon information and belief

Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

42. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '664 Patent, Defendants have provided Vehicular Vision Systems to at least one third party for use in infringement of the '664 Patent. Use by third parties of the aforesaid Image Sensing Systems for a Vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '664 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,459,664.

43. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Image Sensing Systems for a Vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '664 Patent and that are specially made or specially adapted for use in the infringement of the '664 Patent, and said Image Sensing Systems for a Vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,459,664.

44. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

45. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '664 Patent unless enjoined by this Court.

46. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

47. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

48. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

49. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '664 Patent.

## COUNT IV

### Infringement of United States Patent No. 7,339,149

50. Plaintiff incorporates and reasserts paragraphs 1-49 herein by reference.

51. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,339,149 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Control Using Image Sensors embodying the patented invention of the '149 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

52. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '149 Patent, Defendants have provided Vehicle Headlight Control Using Image Sensors to at least one third party for use in infringement of the '149 Patent. Use by third parties of the aforesaid Vehicle Headlight Control Using Image Sensors obtained from or through Defendants TRW, upon

information and belief, infringes the '149 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,339,149.

53. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Control Using Image Sensors and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Control Using Image Sensors and/or components thereof constitute a material part of the invention of the '149 Patent and that are specially made or specially adapted for use in the infringement of the '149 Patent, and said Vehicle Headlight Control Using Image Sensors and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,339,149.

54. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

55. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '440 Patent unless enjoined by this Court.

56. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

57. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

58. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

59. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '149 Patent.

## COUNT V

### Infringement of United States Patent No. 7,344,261

60. Plaintiff incorporates and reasserts paragraphs 1-59 herein by reference.

61. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,344,261 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Vision Systems embodying the patented invention of the '261 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

62. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '261 Patent, Defendants have provided Vehicular Vision Systems to at least one third party for use in infringement of the '261 Patent. Use by third parties of the aforesaid Vehicular Vision Systems obtained from or through Defendants TRW, upon information and belief, infringes the '894 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,344,261.

63. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Vision Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '261 Patent and that are specially made or specially adapted for use in the infringement of the '261 Patent, and said

Vehicular Vision Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,344,261.

64. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

65. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '261 Patent unless enjoined by this Court.

66. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

67. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

68. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

69. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '261 Patent.

## COUNT VI

### Infringement of United States Patent No. 7,655,894

70. Plaintiff incorporates and reasserts paragraphs 1-69 herein by reference.

71. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,655,894 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Image Sensing

Systems embodying the patented invention of the '894 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

72. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '894 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '894 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the '894 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,655,894.

73. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '894 Patent and that are specially made or specially adapted for use in the infringement of the '894 Patent, and said Vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,655,894.

74. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

75. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '894 Patent unless enjoined by this Court.

76. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

77. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

78. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

79. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '894 Patent.

## COUNT VII

### Infringement of United States Patent No. 7,994,462

80. Plaintiff incorporates and reasserts paragraphs 1-79 herein by reference.

81. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,994,462 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Image Sensing Systems embodying the patented invention of the '462 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

82. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '462 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '462 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the

'462 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,994,462.

83. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '462 Patent and that are specially made or specially adapted for use in the infringement of the '462 Patent, and said Vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,994,462.

84. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

85. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '462 Patent unless enjoined by this Court.

86. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

87. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

88. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

89. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '462 Patent.

## COUNT VIII

### Infringement of United States Patent No. 8,203,440

90. Plaintiff incorporates and reasserts paragraphs 1-89 herein by reference.

91. Defendants TRW have, on information and belief, in the past offered for sale and/or sold Vehicular Vision Systems within the United States that embody the patented invention of United States Letters Patent 8,203,440. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts that if conducted after issuance of the '440 patent would comprise direct infringement, by themselves and through agents acting in combination, and will continue to undertake such actions subsequent to the issuance of the '440 patent and commencement of this action.

92. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '440 Patent, Defendants intend to provide Vehicular Vision Systems to at least one third party for use which will comprise infringement of the '440 Patent. Use by third parties of the aforesaid Vehicular Vision Systems obtained from or through Defendants TRW, upon information and belief, will infringe the '440 Patent. The continued actions of Defendants TRW subsequent to the issuance of the '440 patent and commencement of this action will constitute inducement of infringement of United States Letters Patent No. 8,203,440.

93. Upon information and belief, Defendants TRW intend to manufacture, import, sell, and/or offer to sell Vehicular Vision Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or

components thereof constitute a material part of the invention of the '440 Patent and that are specially made or specially adapted for use in the infringement of the '440 Patent, and said Vehicular Vision Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The continued actions of Defendants TRW subsequent to the issuance of the '440 patent and commencement of this action will constitute contributory infringement of United States Letters Patent No. 8,203,440.

94. Upon information and belief, Defendants' continued infringement, contributory infringement, and inducement of infringement will have been willful.

95. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '440 Patent unless enjoined by this Court.

96. Upon information and belief, Defendants' intended infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

97. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

98. Plaintiff will be damaged by the continued activities of Defendants, and is entitled to damages for infringement, contributory infringement and inducement of infringement that occurs after issuance of the '440 patent and commencement of this action.

99. Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '248 Patent.

WHEREFORE, Plaintiff Magna demands that judgment be entered in its favor against Defendants TRW, as follows:

A. Entering an order determining and/or declaring that Defendants TRW, and each of them, infringe, contributorily infringe and induce infringement of the '023, '248, '664, '149, '261, '894, '462 and '440 Patents.

B. Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with them, and each of them, from further manufacture, importation, sale, offer for sale, and/or use of an apparatus which infringes, contributorily infringes, or induces infringement of the '023, '248, '664, '149, '261, '894, '462 and/or '440 Patents.

C. Permanently enjoining Defendants TRW, their officers, agents, servants, employees, attorneys, and all those persons in privity or in active concert or participation with it, and each of them, from further acts of infringement of the '023, '248, '664, '149, '261, '894, '462 and/or '440 Patents.

D. Ordering an accounting.

E. Awarding damages adequate to compensate Plaintiff for Defendants' infringement, contributory infringement, and inducement of infringement of the '023, '248, '664, '149, '261, '894, '462 and/or '440 Patents.

F. Increasing the damages up to three times the amount found or assessed for Defendants' willful acts of infringement.

G. Awarding prejudgment interest and costs.

H. Finding this to be an exceptional case and awarding reasonable attorney's fees to Plaintiff.

I. Such other and further relief as is necessary and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable by jury in this action.

Dated:  June 20, 2012            /s/ Terence J. Linn
                                 Terence J. Linn (P-33449)
                                 Karl Ondersma (P-68028)
                                 **Gardner, Linn, Burkhart & Flory, LLP**
                                 2851 Charlevoix Drive SE, Suite 207
                                 Grand Rapids, Michigan 49546
                                 (616) 975-5500
                                 linn@glbf.com
                                 ondersma@glbf.com
                                 Attorneys for Plaintiff
                                 Magna Electronics Inc.