**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:12-cv-00654 |
| v. | ) | |
| | ) | Honorable Paul L. Maloney |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | ANSWER TO SECOND AMENDED |
| | ) | COMPLAINT and JURY DEMAND |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER TO SECOND AMENDED COMPLAINT

NOW COMES Defendants TRW AUTOMOTIVE HOLDINGS CORP. ("TRW Holdings"); TRW AUTOMOTIVE US LLC ("TRW US"); AND TRW VEHICLE SAFETY SYSTEMS INC. ("TRW VSSI") (collectively, "TRW Defendants"), by its undersigned attorneys, and for its Answer to the Second Amended Complaint filed herein by Plaintiff Magna Electronics Inc. ("Plaintiff"), alleges and states as follows:

## THE PARTIES

1.      Magna Electronics Inc. is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a registered office of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Plaintiff").

**ANSWER:**    TRW Defendants lack information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

2.      Defendant TRW Automotive Holdings Corp. ("TRW Holdings"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and headquarters

located in Michigan. Upon information and belief, TRW Holdings does business under various assumed names, including without limitation, TRW Automotive and TRW Global Electronics.

      **ANSWER:**    Admitted that TRW Holdings is a Delaware corporation registered to do

business in Michigan and has a registered agent for service of process at 601 Abbott Road, East

Lansing, MI 48823.  Denied that TRW Holdings does business under the names TRW

Automotive and TRW Global Electronics.  Any remaining allegations in this paragraph are

denied.

      3.      Defendant TRW Automotive US LLC ("TRW US"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland, MI 48875-1097. Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

      **ANSWER:**    Admitted that TRW US is a Delaware corporation registered to do

business in Michigan and has a registered agent for service of process at 601 Abbott Road, East

Lansing, MI 48823 and a facility at 902 Lyons Road, Portland, MI 48875-1097.  Denied that

TRW US does business under the names TRW Automotive and TRW Westminster.  Any

remaining allegations in this paragraph are denied.

      4.      Defendant TRW Vehicle Safety Systems Inc. ("TRW Vehicle"), upon information and belief, is a Delaware corporation registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823.

      **ANSWER:**    Admitted that TRW VSSI is a Delaware corporation registered to do

business in Michigan and has a registered agent for service of process at 601 Abbott Road, East

Lansing, MI 48823.

      5.      On information and Defendants TRW Holdings, TRW US, and TRW Vehicle are related companies. On information and belief, TRW US and TRW Vehicle all report to TRW Holdings, either directly or indirectly, and are ultimately controlled by TRW Holdings. (The defendants are hereinafter collectively referred to as "TRW," "Defendants TRW" or "Defendants.")

**ANSWER:**     TRW Automotive Holdings Corp. is a holding company and the ultimate

parent corporation of TRW US and TRW VSSI. To the extent the remainder of this paragraph is

understood, it is denied.

6.     Defendants TRW Holdings, TRW US, and TRW Vehicle, upon information and
belief, are doing business within the State of Michigan and within the Western District of
Michigan, and are engaged in continuous and systematic business within the Western District of
Michigan, conduct and solicit business within this district and derive substantial revenue from the
sales of their products and/or services within this district and elsewhere in Michigan, and
including the commission of acts of infringement as hereinafter stated.

**ANSWER:**     Denied as to all TRW Defendants as to the allegation that the TRW

Defendants are engaged in continuous and systematic business  . . . conduct and solicit business .

. .  and derive substantial revenue from the sales of their products and/or services . . . and

including the commission of acts of infringement as hereinafter stated." Denied as to TRW

Holdings as to the allegation that TRW Holdings "solicit[s] business . . . and derive[s] substantial

revenue from the sales of their products and/or services." Denied as to TRW VSSI as to the

allegations of actions within the Western District of Michigan. TRW VSSI has a facility at 4505

West 26 Mile Road, Washington, Michigan 48094, which is within the Eastern District of

Michigan. Admitted that each TRW Defendant has at least one facility or registered address in

Michigan and are subject to personal jurisdiction in Michigan. Remaining allegations are

denied.

<u>JURISDICTION AND VENUE</u>

7.     This action arises under the patent laws of the United States, Title 35 of the United
States Code, §§1 et seq. This action also arises under the Federal Declaratory Judgment Act, Title
28 of the United States Code, §§ 2201 and 2202, for a declaration pursuant to the Patent Laws of
the United States, 35 U.S.C. §§1 et seq.

**ANSWER:**     Admitted.

8.      This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

**ANSWER:**      Admitted.

<u>BACKGROUND ALLEGATIONS</u>

9.      On August 1, 2000, United States Letters Patent No. 6,097,023 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Headlight Control Using Image Sensor." A true and correct copy of United States Patent No. 6,097,023 is attached hereto as Exhibit 1 (hereinafter the "'023 Patent").

**ANSWER:**      Admitted that the '023 patent was issued on August 1, 2000.  TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '023

patent and on that basis deny allegations regarding ownership and assignment.  Denied that the

issuance of the '023 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '023 patent.

10.     On September 9, 2008, United States Letters Patent No. 7,423,248 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Automatic Exterior Light Control for a Vehicle." A true and correct copy of United States Patent No. 7,423,248 is attached hereto as Exhibit 2 (hereinafter the "'248 Patent").

**ANSWER:**      Admitted that the '248 patent was issued on September 9, 2008.  TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '248

patent and on that basis deny allegations regarding ownership and assignment.  Denied that the

issuance of the '248 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '248 patent.

11.     On December 2, 2008, United States Letters Patent No. 7,459,664 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Image Sensing System for a Vehicle." A true and correct copy of United States Patent No. 7,459,664 is attached hereto as Exhibit 3 (hereinafter the "'664 Patent").

**ANSWER:**      Admitted that the '664 patent was issued on December 2, 2008.  TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '664

patent and on that basis deny allegations regarding ownership and assignment. Denied that the issuance of the '664 patent was "legal" insofar as that allegation implies the validity or enforceability of the '664 patent.

12.     On March 4, 2008, United States Letters Patent No. 7,339,149 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicle Headlight Control Using Image Sensor." A true and correct copy of United States Patent No. 7,339,149 is attached hereto as Exhibit 4 (hereinafter the "'149 Patent").

**ANSWER:**     Admitted that the '149 patent was issued on March 4, 2008. TRW Defendants lack information sufficient to form a belief regarding the ownership of the '149 patent and on that basis deny allegations regarding ownership and assignment. Denied that the issuance of the '149 patent was "legal" insofar as that allegation implies the validity or enforceability of the '149 patent.

13.     On March 18, 2008, United States Letters Patent No. 7,344,261 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No. 7,344,261 is attached hereto as Exhibit 5 (hereinafter the "'261 Patent").

**ANSWER:**     Admitted that the '261 patent was issued on March 18, 2008. TRW Defendants lack information sufficient to form a belief regarding the ownership of the '261 patent and on that basis deny allegations regarding ownership and assignment. Denied that the issuance of the '261 patent was "legal" insofar as that allegation implies the validity or enforceability of the '261 patent.

14.     On February 2, 2010, United States Letters Patent No. 7,655,894 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Image Sensing System." A true and correct copy of United States Patent No. 7,655,894 is attached hereto as Exhibit 6 (hereinafter the "'894 Patent").

**ANSWER:**     Admitted that the '894 patent was issued on February 2, 2010. TRW Defendants lack information sufficient to form a belief regarding the ownership of the '894

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '894 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '894 patent.

15.    On August 9, 2011, United States Letters Patent No. 7,994,462 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Image Sensing System." A true and correct copy of United States Patent No. 7,994,462 is attached hereto as Exhibit 7 (hereinafter the "'462 Patent").

**ANSWER:**    Admitted that the '462 patent was issued on August 9, 2011. TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '462

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '462 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '462 patent.

16.    On June 19, 2012, United States Letters Patent No. 8,203,440 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No. 8,203,440 is attached hereto as Exhibit 8 (hereinafter the "'440 Patent").

**ANSWER:**    Admitted that the '440 patent was issued on June 19, 2012. TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '440

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '440 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '440 patent.

17.    On July 17, 2012, United States Letters Patent No. 8,222,588 was duly and legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No. 8,222,588 is attached hereto as Exhibit 9 (hereinafter the "'588 Patent").

**ANSWER:**    Admitted that the '588 patent was issued on July 17, 2012. TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '588

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '588 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '588 patent.

18.     On November 20, 2012, United States Letters Patent No. 8,314,689 was duly and
legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an
invention entitled "Vehicular Vision System." A true and correct copy of United States Patent No.
8,314,689 is attached hereto as Exhibit 10 (hereinafter the "'689 Patent").

        **ANSWER:**     Admitted that the '689 patent was issued on November 20, 2012. TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '689

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '689 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '689 patent.

19.     On December 4, 2012, United States Letters Patent No. 8,324,552 was duly and
legally issued to the predecessor in interest to Magna, as owner by assignment thereof, for an
invention entitled "Vehicular Image Sensing System." A true and correct copy of United States
Patent No. 8,324,552 is attached hereto as Exhibit 11 (hereinafter the "'552 Patent").

        **ANSWER:**     Admitted that the '552 patent was issued on December 4, 2012. TRW

Defendants lack information sufficient to form a belief regarding the ownership of the '552

patent and on that basis deny allegations regarding ownership and assignment. Denied that the

issuance of the '552 patent was "legal" insofar as that allegation implies the validity or

enforceability of the '552 patent.

20.     Magna is the owner, by valid assignment, of all right, title, and interest in and to
the '023, '248, '664, '149, '261, '894, '462, '440, '588, '689 and the '552 Patent, including the
right to seek remedies and relief for past infringement thereof.

        **ANSWER:**     TRW Defendants lack information sufficient to form a belief regarding

the truth of these allegations and on that basis deny them.

21.     Magna and its predecessors in interest have provided actual notice to Defendants TRW of the '023, '248, '664, '149, '261, '894, '462, '689 and the '552 Patents. The filing and Notice of this action and the Amended Complaint in this action also provides actual notice to Defendants TRW of the '023, '248, '664, '149, '261, '894, '462, '440, '588, '689 and '552 Patents. Defendants have notice of the '023, '248, '664, '149, '261, '894, '462, '440, '588, '689 and '552 Patents.

**ANSWER:**     Understanding that this paragraph is intended to allege notice of particular allegations of infringement, it is denied.  Denied that any notice other than the filing of the complaint has been provided  to TRW Holdings and TRW VSSI.  Admitted that the filing of the complaint constitutes notice of the existence of the patents-in-suit to each TRW Defendant.

22.     An actual and justiciable controversy exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the '588 patent. An actual and justiciable controversy likewise exists between Magna and Defendants TRW concerning whether the actions of Defendants TRW infringe, contributorily infringe and/or induce infringement of the other asserted patents in suit, namely the '023, '248, '664, '149, '261, '894, '462, '440, '689 and '552 Patents.

**ANSWER:**     Admitted that a justiciable case and controversy exists based upon Magna's allegations of such a controversy.

23.     TRW has marketed, and upon information and belief offered for sale and sold, vision-based vehicle driver assistance systems utilizing what TRW refers as a "TRW Scalable Camera" or "S-Cam" (hereinafter referred to as the "TRW S-Cam System"). Upon information and belief, TRW S-Cam Systems include an imaging sensor and a Mobileye EyeQTM processor accommodated into a housing. Upon information and belief, TRW has designed S-Cams to be attached (and has attached, induced others to attach and has contributed towards others attaching) at the in-cabin surface of vehicle windshields to view through an area swept by a windshield wiper.

**ANSWER:**     Generally denied as to TRW Holdings and TRW VSSI.  Admitted that TRW US has developed an "S-Cam" product which includes an image sensor.  Denied that the S-Cam includes a "Mobileye EyeQTM processor accommodated into a housing."  Denied as to allegations of inducement or contribution toward others, as those legal terms are understood. Denied as to any remaining allegations in this paragraph.

24.    Upon information and belief, TRW S-Cam Systems include a CMOS imager having the likes of a 752x480 pixel photosensor array, with a pixel arrangement that includes red/clear/clear/clear spectral filtering (RCCC). Upon information and belief, TRW S-Cam Systems include a lens and infra-red (IR) filtering.

**ANSWER:**    Generally denied as to TRW Holdings and TRW VSSI.  Admitted that

the S-Cam includes a photosensor array including a RCCC pixel array.  Denied as to "spectral

filtering."  Denied as to allegations of infra-red filtering.  Admitted that the S-Cam includes a

lens.  Denied as to any remaining allegations in this paragraph.

25.    Upon information and belief, TRW S-Cam Systems detect and recognize objects in a forward field of view, examples of which include one or more of headlights, taillights, lane markings, traffic signs and other objects forward of a vehicle. TRW S-Cam Systems provide control for one or more of lane departure warning, forward collision warning, automatic high-beam headlight control and other features. Upon information and belief, those features are provided by TRW S-Cam Systems' utilization of at least one or more of determining the presence of an object in the camera's field of view, the size, shape, contour or motion of an object, the shape, reflectivity, luminance and spectral characteristics of the object, and spatial filtering.

**ANSWER:**    Understanding that this allegation is intended to encompass the terms

"detect and recognize objects in a forward field of view, examples of which include one or more

of headlights, taillights, lane markings, traffic signs and other objects forward of a vehicle" and

"provide control for one or more of lane departure warning, forward collision warning, automatic

high-beam headlight control and other features" as those terms are described in the patents-in-

suit, it is denied. To the extent the remainder of this paragraph is understood, it is denied.

26.    Upon information and belief, TRW has installed and utilizes TRW S-Cam Systems in one or more vehicles to develop and establish the operability of TRW S-Cam Systems and for purposes of offering for sale and sale of TRW S-Cam Systems. Upon information and belief, at least one customer of TRW has entered into an agreement with TRW to purchase TRW S-Cam Systems adapted to vehicles of said customer, and said customer has installed one or more TRW S-Cam Systems into vehicles and tested systems for purposes of engaging in sales to end users of vehicles equipped with TRW S-Cam Systems. Upon information and belief, TRW has continued, including continuing after notice, with the use of TRW S-Cam Systems, delivery of TRW S-Cam Systems and in the making of offers for sale of TRW S-Cam Systems to automobile manufacturers.

**ANSWER:** Generally denied as to TRW Holdings and TRW VSSI. To the extent notice is intended to refer to notice of infringement, denied. To the extent the remainder of this paragraph is understood, it is denied.

## COUNT I

### Infringement of United States Patent No. 6,097,023

27. Plaintiff incorporates and reasserts paragraphs 1-26 herein by reference.

**ANSWER:** TRW Defendants incorporate and restate their responses to paragraphs 1-26.

28. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 6,097,023 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Controls Using Image Sensor embodying the patented invention of the '023 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:** Denied.

29. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '023 Patent, Defendants have provided Vehicle Headlight Controls Using Image Sensor to at least one third party for use in infringement of the '023 Patent. Use by third parties of the aforesaid Vehicle Headlight Controls Using Image Sensor obtained from or through Defendants TRW, upon information and belief, infringes the '023 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 6,097,023.

**ANSWER:** Denied.

30. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Controls Using Image Sensor and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Controls Using Image Sensor and/or components thereof constitute a material part of the invention of the '023 Patent and that are specially made or specially adapted for use in the infringement of the '023 Patent, and said Vehicle Headlight Controls Using Image Sensor and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 6,097,023.

10

**ANSWER:**     Denied.

31.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:**     Denied.

32.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '023 Patent unless enjoined by this Court.

**ANSWER:**     Denied.

33.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:**     Denied.

34.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**     Denied.

35.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:**     Denied.

36.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '023 Patent.

**ANSWER:**     Denied.

## COUNT II

### Infringement of United States Patent No. 7,423,248

37.     Plaintiff incorporates and reasserts paragraphs 1-36 herein by reference.

**ANSWER:**     TRW Defendants incorporate and restate their responses to paragraphs 1-36.

11

38.      Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,423,248 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Controls Using Image Sensor embodying the patented invention of the '248 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:**      Denied.


39.      Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '248 Patent, Defendants have provided Vehicle Headlight Controls Using Image Sensor to at least one third party for use in infringement of the '248 Patent. Use by third parties of the aforesaid Vehicle Headlight Controls Using Image Sensor obtained from or through Defendants TRW, upon information and belief, infringes the '248 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,423,248.

**ANSWER:**      Denied.


40.      Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Controls Using Image Sensor and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Controls Using Image Sensor and/or components thereof constitute a material part of the invention of the '248 Patent and that are specially made or specially adapted for use in the infringement of the '248 Patent, and said Vehicle Headlight Controls Using Image Sensor and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,423,248.

**ANSWER:**      Denied.


41.      Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:**      Denied.


42.      Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '248 Patent unless enjoined by this Court.

**ANSWER:**      Denied.

43.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:**     Denied.

44.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**     Denied.

45.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:**     Denied.

46.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '248 Patent.

**ANSWER:**     Denied.

## COUNT III

### Infringement of United States Patent No. 7,459,664

47.     Plaintiff incorporates and reasserts paragraphs 1-46 herein by reference.

**ANSWER:**     TRW Defendants incorporate and restate their responses to paragraphs 1-46.

48.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,459,664 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Image Sensing Systems for a Vehicle embodying the patented invention of the '664 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:**     Denied.

49.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '664 Patent, Defendants have provided Vehicular Vision Systems to at least one third party for use in infringement of the '664

Patent. Use by third parties of the aforesaid Image Sensing Systems for a Vehicle obtained from or through Defendants TRW, upon information and belief, infringes the '664 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,459,664.

      **ANSWER:**    Denied.

      50.    Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Image Sensing Systems for a Vehicle and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '664 Patent and that are specially made or specially adapted for use in the infringement of the '664 Patent, and said Image Sensing Systems for a Vehicle and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,459,664.

      **ANSWER:**    Denied.

      51.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

      **ANSWER:**    Denied.

      52.    Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '664 Patent unless enjoined by this Court.

      **ANSWER:**    Denied.

      53.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

      **ANSWER:**    Denied.

      54.    Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

      **ANSWER:**    Denied.

      55.    Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

      **ANSWER:**    Denied.

56.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '664 Patent.

**ANSWER:**     Denied.

## COUNT IV

### Infringement of United States Patent No. 7,339,149

57.     Plaintiff incorporates and reasserts paragraphs 1-56 herein by reference.

**ANSWER:**     TRW Defendants incorporate and restate their responses to paragraphs 1-56.

58.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,339,149 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicle Headlight Control Using Image Sensors embodying the patented invention of the '149 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:**     Denied.

59.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '149 Patent, Defendants have provided Vehicle Headlight Control Using Image Sensors to at least one third party for use in infringement of the '149 Patent. Use by third parties of the aforesaid Vehicle Headlight Control Using Image Sensors obtained from or through Defendants TRW, upon information and belief, infringes the '149 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,339,149.

**ANSWER:**     Denied.

60.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicle Headlight Control Using Image Sensors and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicle Headlight Control Using Image Sensors and/or components thereof constitute a material part of the invention of the '149 Patent and that are specially made or specially adapted for use in the infringement of the '149 Patent, and said Vehicle Headlight Control Using Image Sensors and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,339,149.

**ANSWER:** Denied.

61.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:** Denied.

62.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '440 Patent unless enjoined by this Court.

**ANSWER:** Denied.

63.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:** Denied.

64.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:** Denied.

65.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:** Denied.

66.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '149 Patent.

**ANSWER:** Denied.

## COUNT V

### Infringement of United States Patent No. 7,344,261

67.     Plaintiff incorporates and reasserts paragraphs 1-66 herein by reference.

**ANSWER:** TRW Defendants incorporate and restate their responses to paragraphs 1-66.

16

68.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,344,261 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Vision Systems embodying the patented invention of the '261 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:**     Denied.

69.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '261 Patent, Defendants have provided Vehicular Vision Systems to at least one third party for use in infringement of the '261 Patent. Use by third parties of the aforesaid Vehicular Vision Systems obtained from or through Defendants TRW, upon information and belief, infringes the '894 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,344,261.

**ANSWER:**     Denied.

70.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Vision Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '261 Patent and that are specially made or specially adapted for use in the infringement of the '261 Patent, and said Vehicular Vision Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,344,261.

**ANSWER:**     Denied.

71.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:**     Denied.

72.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '261 Patent unless enjoined by this Court.

**ANSWER:**     Denied.

73.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:** Denied.

74. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:** Denied.

75. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:** Denied.

76. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '261 Patent.

**ANSWER:** Denied.

## COUNT VI

### Infringement of United States Patent No. 7,655,894

77. Plaintiff incorporates and reasserts paragraphs 1-76 herein by reference.

**ANSWER:** TRW Defendants incorporate and restate their responses to paragraphs 1-76.

78. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,655,894 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Image Sensing Systems embodying the patented invention of the '894 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:** Denied.

79. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '894 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '894 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the '894 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,655,894.

**ANSWER:** Denied.

80. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '894 Patent and that are specially made or specially adapted for use in the infringement of the '894 Patent, and said vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,655,894.

**ANSWER:** Denied.

81. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:** Denied.

82. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '894 Patent unless enjoined by this Court.

**ANSWER:** Denied.

83. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:** Denied.

84. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:** Denied.

85. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:** Denied.

86. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '894 Patent.

**ANSWER:**     Denied.

## COUNT VII

### Infringement of United States Patent No. 7,994,462

87.     Plaintiff incorporates and reasserts paragraphs 1-86 herein by reference.

**ANSWER:**     TRW Defendants incorporate and restate their responses to paragraphs 1-86.

88.     Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 7,994,462 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Image Sensing Systems embodying the patented invention of the '462 Patent. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

**ANSWER:**     Denied.

89.     Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '462 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '462 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the '462 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 7,994,462.

**ANSWER:**     Denied.

90.     Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '462 Patent and that are specially made or specially adapted for use in the infringement of the '462 Patent, and said Vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 7,994,462.

**ANSWER:**     Denied.

91.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:** Denied.

92. Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '462 Patent unless enjoined by this Court.

**ANSWER:** Denied.

93. Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:** Denied.

94. Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:** Denied.

95. Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:** Denied.

96. In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '462 Patent.

**ANSWER:** Denied.

## COUNT VIII

### Infringement of United States Patent No. 8,203,440

97. Plaintiff incorporates and reasserts paragraphs 1-96 herein by reference.

**ANSWER:** TRW Defendants incorporate and restate their responses to paragraphs 1-96.

98. Defendants TRW have, on information and belief, in the past been and still are infringing United States Letters Patent 8,203,440 by making, importing, using, selling, and/or offering for sale in and to the United States products incorporating Vehicular Image Sensing Systems embodying the patented invention of the '440 Patent. Upon information and belief

Defendants TRW have individually and jointly combined to engage in acts of direct infringement by themselves and through agents acting in combination.

      **ANSWER:**    Denied.

      99.    Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '440 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '440 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the '440 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,203,440.

      **ANSWER:**    Denied.

      100.    Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '440 Patent and that are specially made or specially adapted for use in the infringement of the '440 Patent, and said Vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,203,440.

      **ANSWER:**    Denied.

      101.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

      **ANSWER:**    Denied.

      102.    Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '440 Patent unless enjoined by this Court.

      **ANSWER:**    Denied.

      103.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

      **ANSWER:**    Denied.

104.    Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**    Denied.

105.    Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:**    Denied.

106.    In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '440 Patent.

**ANSWER:**    Denied.

## COUNT IX

### Infringement of United States Patent No. 8,222,588

107.    Plaintiff incorporates and reasserts paragraphs 1-106 herein by reference.

**ANSWER:**    TRW Defendants incorporate and restate their responses to paragraphs 1-106.

108.    Defendants TRW have, on information and belief, in the past offered for sale and/or sold Vehicular Vision Systems within the United States that embody the patented invention of United States Letters Patent 8,222,588. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts that if conducted after issuance of the '588 patent would comprise direct infringement, by themselves and through agents acting in combination, and will continue to undertake such actions subsequent to the issuance of the '588 patent and commencement of this action.

**ANSWER:**    Denied.

109.    Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '440 Patent, Defendants intend to provide Vehicular Vision Systems to at least one third party for use which will comprise infringement of the '588 Patent. Use by third parties of the aforesaid Vehicular Vision Systems obtained from or through Defendants TRW, upon information and belief, will infringe the '588 Patent. The continued actions of Defendants TRW subsequent to the issuance of the '588 patent and commencement of this action will constitute inducement of infringement of United States Letters Patent No. 8,222,588.

23

**ANSWER:**     Denied.

110.     Upon information and belief, Defendants TRW intend to manufacture, import, sell, and/or offer to sell Vehicular Vision Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '588 Patent and that are specially made or specially adapted for use in the infringement of the '588 Patent, and said Vehicular Vision Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The continued actions of Defendants TRW subsequent to the issuance of the '588 patent and commencement of this action will constitute contributory infringement of United States Letters Patent No. 8,222,588.

**ANSWER:**     Denied.

111.     Upon information and belief, Defendants' continued infringement, contributory infringement, and inducement of infringement will have been willful.

**ANSWER:**     Denied.

112.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '588 Patent unless enjoined by this Court.

**ANSWER:**     Denied.

113.     Upon information and belief, Defendants' intended infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:**     Denied.

114.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**     Denied.

115.     Plaintiff will be damaged by the continued activities of Defendants, and is entitled to damages for infringement, contributory infringement and inducement of infringement that occurs after issuance of the '588 patent and commencement of this action.

**ANSWER:**     Denied.

116. Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '588 Patent.

**ANSWER:** Denied.

## COUNT X

### Infringement of United States Patent No. 8,314,689

117. Plaintiff incorporates and reasserts paragraphs 1-116 herein by reference.

**ANSWER:** TRW Defendants incorporate and restate their responses to paragraphs 1-116.

118. Defendants TRW have, on information and belief, in the past offered for sale and/or sold Vehicular Vision Systems within the United States that embody the patented invention of United States Letters Patent 8,314,689. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts that if conducted after issuance of the '689 patent would comprise direct infringement, by themselves and through agents acting in combination, and will continue to undertake such actions subsequent to the issuance of the '689 patent and commencement of this action.

**ANSWER:** Denied.

119. Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '689 Patent, Defendants have provided Vehicular Vision Systems to at least one third party for use in infringement of the '689 Patent. Use by third parties of the aforesaid Vehicular Vision Systems obtained from or through Defendants TRW, upon information and belief, infringes the '689 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,314,689.

**ANSWER:** Denied.

120. Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Vision Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Vision Systems and/or components thereof constitute a material part of the invention of the '689 Patent and that are specially made or specially adapted for use in the infringement of the '689 Patent, and said Vehicular Vision Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,314,689.

**ANSWER:**     Denied.

121.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:**     Denied.

122.     Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '689 Patent unless enjoined by this Court.

**ANSWER:**     Denied.

123.     Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:**     Denied.

124.     Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**     Denied.

125.     Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:**     Denied.

126.     In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '689 Patent.

**ANSWER:**     Denied.

## COUNT XI

### Infringement of United States Patent No. 8,324,552

127.     Plaintiff incorporates and reasserts paragraphs 1-126 herein by reference.

**ANSWER:**     TRW Defendants incorporate and restate their responses to paragraphs 1-126.

128.   Defendants TRW have, on information and belief, in the past offered for sale and/or sold Vehicular Image Sensing Systems within the United States that embody the patented invention of United States Letters Patent 8,324,552. Upon information and belief Defendants TRW have individually and jointly combined to engage in acts that if conducted after issuance of the '552 patent would comprise direct infringement, by themselves and through agents acting in combination, and will continue to undertake such actions subsequent to the issuance of the '552 patent and commencement of this action.

**ANSWER:**   Denied.

129.   Upon information and belief, with knowledge and/or reckless disregard amounting to knowledge of the infringement by the aforesaid products of the '552 Patent, Defendants have provided Vehicular Image Sensing Systems to at least one third party for use in infringement of the '552 Patent. Use by third parties of the aforesaid Vehicular Image Sensing Systems obtained from or through Defendants TRW, upon information and belief, infringes the '552 Patent. The actions of Defendants TRW constitute inducement of infringement of United States Letters Patent No. 8,324,552.

**ANSWER:**   Denied.

130.   Upon information and belief, Defendants TRW manufacture, import, sell, and/or offer to sell Vehicular Image Sensing Systems and/or components thereof with knowledge and/or reckless disregard amounting to knowledge that said Vehicular Image Sensing Systems and/or components thereof constitute a material part of the invention of the '552 Patent and that are specially made or specially adapted for use in the infringement of the '552 Patent, and said Vehicular Image Sensing Systems and/or components thereof are not a staple article or commodity of commerce suitable for substantial noninfringing use. The actions of Defendants TRW constitute contributory infringement of United States Letters Patent No. 8,324,552.

**ANSWER:**   Denied.

131.   Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have been willful.

**ANSWER:**   Denied.

132.   Despite any statement to the contrary, upon information and belief, Defendants TRW will continue to infringe, contributorily infringe and induce the infringement of the '689 Patent unless enjoined by this Court.

**ANSWER:**   Denied.

133.    Upon information and belief, Defendants' infringement, contributory infringement, and inducement of infringement have resulted in damage to Plaintiff and will continue to do so unless enjoined by this Court.

**ANSWER:**    Denied.

134.    Plaintiff has no adequate remedy at law, and is, therefore, entitled to a permanent injunction prohibiting further infringement by Defendants.

**ANSWER:**    Denied.

135.    Plaintiff has been damaged by past activities of Defendants, and is entitled to damages for past infringement, contributory infringement and inducement of infringement.

**ANSWER:**    Denied.

136.    In the alternative, Plaintiff is entitled to a declaration from the Court establishing that the actions of Defendants TRW are infringing, contributorily infringing, and inducing infringement of the '552 Patent.

**ANSWER:**    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (Non-Infringement)

TRW Defendants do not infringe and have not infringed any valid and enforceable claim of U.S. Patents Nos. 6,097,023, 7,423,248, 7,459,664, 7,339,149, 7,344,261, 7,655,894, 7,994,462, 8,203,440, 8,222,588, 8,314,689, and 8,324,552 ("the patents-in-suit") either directly, indirectly, contributorily, by way of inducement.

### Second Affirmative Defense (Invalidity)

The claims of the patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§102, 103 and/or 112.

### Third Affirmative Defense (Limitation on Damages)

Any claim by Magna for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Magna is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## **Fourth Affirmative Defense (Equity)**

Magna's claims are barred in whole or in part under principles of equity, including but not limited to laches, prosecution laches, waiver, and estoppel.

## **Fifth Affirmative Defense (Use by the United States)**

Magna's claims are barred by 28 U.S.C. § § 1498 to the extent its claims of infringement encompass use by the United States government, its employees, agents, contractors, subcontractors, and any person, firm, or corporation for the Government and with the authorization or consent of the Government.

## COUNTERCLAIMS

1.      Defendants/Counterclaim-plaintiffs TRW Automotive Holdings Corp. ("TRW Holdings"); TRW Automotive US LLC ("TRW US"); and TRW Vehicle Safety Systems Inc. ("TRW VSSI") (collectively, "TRW Defendants") assert these counterclaims against Plaintiff/Counterclaim-defendant Magna Electronics Inc. ("Magna").

### Nature and Basis of Action

2.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the United States Patent Act, 35 U.S.C. § 1 et seq.  TRW Defendants request declarations that: (i) they do not infringe any valid, enforceable claim of U.S. Patents Nos. 6,097,023, 7,423,248, 7,459,664, 7,339,149, 7,344,261, 7,655,894, 7,994,462, 8,203,440, 8,222,588, 8,314,689, and 8,324,552 ("the patents-in-suit"); and (ii) the patents-in-suit are invalid.

### The Parties, Jurisdiction, and Venue

3.      Magna alleges that it is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a registered office of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn Hills, Michigan 48326, and is doing business in this District.

4.      TRW US is a Delaware corporation with a facility at 902 Lyons Road, Portland, MI 48875.

5.      TRW Holdings is a Delaware corporation registered to do business in Michigan.

6.      TRW VSSI is a Delaware corporation registered to do business in Michigan, with a facility in Washington, Michigan.

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      This Court has personal jurisdiction over Magna by virtue of at least Magna having voluntarily subjected itself to such jurisdiction by bringing its claims in this action. Magna is also a resident of the State of Michigan located in the Western District of Michigan, with substantial and ongoing business activity occurring in that state and district.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and 1400.

### Factual Allegations

10.      Magna alleges that it is the owner, by valid assignment, of all right, title, and interest in and to the patents-in-suit, including the right to seek remedies and relief for past infringement thereof.

11.     Magna has alleged each of the TRW Defendants infringe each and every one of the patents-in-suit.

12.     None of the TRW Defendants infringe, nor have they infringed, any valid, enforceable claim of the patents-in-suit.

13.     Upon information and belief, all claims of the patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 102, 103, and/or 112.

## Counterclaim I : Declaration of Non-infringement

14.     TRW Defendants re-allege and incorporates their allegations of paragraphs 1-13, inclusive, of its Counterclaims as if set forth herein in full.

15.     There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning the TRW Defendants' non-infringement of the claims of the patents-in-suit.

16.     The TRW Defendants have not infringed and do not infringe any valid, enforceable claim of the patents-in-suit

17.     The TRW Defendants are entitled to a judicial declaration that they have not infringed and do not infringe any valid, enforceable claim of the patents-in-suit.

## Counterclaim II: Declaration of Invalidity

18.     The TRW Defendants re-allege and incorporates is allegations of paragraphs 1-10, inclusive, of its Counterclaims as if set forth herein in full.

19.     The patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 102, 103 and/or 112.

18.     The TRW Defendants are entitled to a judicial declaration and order that the patents-in-suit are invalid.

WHEREFORE, the TRW Defendants request that judgment be entered in its favor against Magna as follows:

A.       Magna recover nothing and its Complaint, as amended, be dismissed with prejudice.

B.       The Court deny any injunctive relief in favor of Magna against any TRW Defendant.

C.       The Court declare that no TRW Defendant has infringed any claim of the patents-in-suit.

D.       The Court declare that the patents-in-suit are invalid.

E.       The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award TRW Defendants their reasonable attorneys' fees.

F.       All costs be taxed against Magna.

I.       Such other and further relief as is necessary and appropriate.

## JURY DEMAND

TRW Defendants hereby demand a trial by jury of all issues so triable.


Respectfully submitted this 7th day of February, 2013:



/s/ Mark J. Magyar (P75090)_____

Allan J. Sternstein
Timothy K. Sendek
DYKEMA GOSSETT PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
Phone: 312-876-1700
Fax: 312-876-1155
asternstein@dykema.com
tsendek@dykema.com

Mark J. Magyar
DYKEMA GOSSETT PLLC
300 Ottawa Ave., N.W.
Suite 700
Grand Rapids, MI 49503
Phone: 616-776-7500
Fax: 616-776-7573
mmagyar@dykema.com

*Attorneys for TRW Automotive Holdings Corp.,*
*TRW Automotive US LLC, and*
*TRW Vehicle Safety Systems Inc.*

CHICAGO\3802328.4
ID\TKS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I caused a copy of:

- TRW Defendants' Answer to Plaintiff's Second Amended Complaint

to be served on all counsel of record via the Court's CM/ECF system.

___/s/ Mark J. Magyar (P75090)_____

Dated: February 7, 2013

34