IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:12-cv-00654 |
| v. | ) | |
| | ) | Honorable Paul L. Maloney |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | Magistrate Judge Joseph G. Scoville |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## AMENDED PROTECTIVE ORDER

The Court enters the following protective order pursuant to Federal Rule of Civil Procedure 26(c)(1).

1. <u>Findings</u>:  The Court finds that the parties to this case may request or produce information involving trade secrets or confidential research and development or commercial information, the disclosure of which is likely to cause harm to the party producing such information.

2. <u>Definitions</u>:

a. "Party" means a named party in this case.  "Person" means an individual or an entity.  "Producer" means a Person who produces information via the discovery process in this case.  "Recipient" means a Person who receives information via the discovery process in this case.  All Defendants collectively and together constitute a single Party for purposes of this Order and the Plaintiff constitutes a single Party for purposes of this Order.

b. "Confidential Information" is information concerning a Person's business operations, financial and commercial information, processes, research, technical and

development information within the scope of Rule 26(c)(1)(G), whether embodied in physical objects, documents or the factual knowledge of a Person, the disclosure of which is likely to harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a court.

  c. "Highly Confidential Information" is information concerning a Person's business operations, financial and commercial information, processes, research, technical and development information within the scope of Rule 26(c)(1)(G) more sensitive or strategic than Confidential Information, the disclosure of which is likely to significantly harm that Person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a court.

  d. Information is not Confidential Information or Highly Confidential Information if the Recipient can clearly and convincingly show it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the Producer disclosed it, or is or becomes known to the Recipient by means not constituting a breach of this Order. Information is likewise not Confidential Information or Highly Confidential Information if a Recipient can clearly and convincingly show they lawfully obtained it independently of this litigation.

  3. <u>Designation of Information as Confidential Information or Highly Confidential Information</u>

  a. A Person's designation of information as Confidential Information or Highly Confidential Information means that the Person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

      b.      A Person designates information in a document or thing as Confidential Information or Highly Confidential Information by clearly and prominently marking it on its face as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  A Producer may make documents or things containing Confidential Information or Highly Confidential Information available for inspection and copying without marking them as confidential without forfeiting a claim of confidentiality, so long as the Producer causes copies of the documents or things to be marked as Confidential Information or Highly Confidential Information before providing them in copied form to the Recipient.

      c.      A Person designates information in deposition testimony as Confidential Information or Highly Confidential Information by stating on the record at the deposition that the information is Confidential Information or Highly Confidential Information or by advising the opposing Party and the stenographer and videographer in writing, within fourteen days after receipt of the deposition transcript, that the information is Confidential Information or Highly Confidential Information.  Until such notice is given, deposition transcripts shall be Highly Confidential Information unless otherwise designated during the deposition.

      d.      A Person's failure to designate a document, thing, or testimony as Confidential Information or Highly Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other document, thing, or testimony.

      e.      A Person who has designated information as Confidential Information or Highly Confidential Information may withdraw the designation by written notification to all parties in the case.

      f.      If a Party disputes a Producer's designation of information as Confidential Information or Highly Confidential Information, the disputing Party shall notify the Producer in

writing of the basis for the dispute, identifying the specific document[s] or thing[s] as to which the designation is disputed and proposing a new designation for such materials.  The disputing Party and the Producer shall then meet and confer to attempt to resolve the dispute without involvement of the Court.  If they cannot resolve the dispute, within fourteen (14) days after the meet and confer the disputing Party may file a motion with the Court to challenge the Producer's designation.  The Producer bears the burden of proving that the information is properly designated as Confidential Information or Highly Confidential Information.  The information shall remain subject to the Producer's Confidential Information or Highly Confidential Information designation until the Court rules on the dispute.  A Party's failure to contest a designation of information as Confidential Information or Highly Confidential Information is not an admission that the information was properly designated as such.

     4.     <u>Use and disclosure of Confidential [or Highly Confidential] Information</u>:

     a.     Confidential Information and Highly Confidential Information may be used exclusively for purposes of this litigation, subject to the restrictions of this Order.

     b.     Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Confidential Information to any Person other than the following:  (i) a Party's outside counsel of record, including necessary paralegal, secretarial and clerical personnel assisting such counsel; (ii) three designated in-house counsel of a Party who are directly involved in the case and whose access to the information is reasonably required to supervise, manage, or participate in this case and with those three designated in-house counsel representing all entities of that Party (e.g. all Defendants); (iii) one designated employee of a Party directly involved in the case whose access to the information is reasonably required to supervise, manage, or participate in this case and with that one designated employee representing

all entities of that Party (e.g. all Defendants); (iv) a stenographer and videographer recording testimony concerning the information; (v) subject to the provisions of paragraph 4(d) of this Order, experts and consultants and their staff whom a Party employs for the purpose of this litigation only and that are not otherwise employed by or associated with the Party; and (vi) the Court and personnel assisting the Court.

    c.    Absent written permission from the Producer or further order by the Court, the Recipient may not disclose Highly Confidential Information to any Person other than those identified in paragraph 4(b)(i), (iv), (v), and (vi).  For the removal of doubt, Highly Confidential Information shall not be disclosed to any in-house counsel or to any employees or agents of the Recipient unless affirmatively agreed to in writing by the Producer of the subject Highly Confidential Information and such shall be disclosed in confidence solely for purposes of settlement and in such an event, such restricted confidential disclosure shall be treated as falling under the protection and privileges of Fed. R. Evid. 408.

    d.    A party may not disclose Confidential Information pursuant to paragraph 4(b) of this Order to a designated in-house counsel or designated employee, and may not disclose Confidential Information or Highly Confidential Information to an expert or consultant pursuant to paragraph 4(b) or 4(c) of this Order until after the designated in-house counsel, designated employee, expert or consultant has signed an undertaking in the form of Appendix 1 to this Order.  The Party obtaining the undertaking must serve it on the other Party within ten days after its execution.  At least ten days before the first disclosure of Confidential Information to a designated in-house counsel or designated employee, or first disclosure of Confidential Information or Highly Confidential Information to an expert or consultant (or member of their staff), the Party proposing to make the disclosure must serve the Producer with a written

identification of the designated in-house counsel or designated employee and a description of his or her title, job description and role with respect to this action, and a written identification of the expert or consultant and a copy of his or her curriculum vitae.  If the Producer has good cause to object to the disclosure (which does not include challenging the qualifications of the expert or consultant), it must serve the Party proposing to make the disclosure with a written objection within ten days after service of the identification.  Unless the parties resolve the dispute within ten days after service of the objection, the Producer must move the Court promptly for a ruling, and the Confidential Information or Highly Confidential Information may not be disclosed to the expert or consultant without the Court's approval.

     e.     Notwithstanding paragraph 4(a) and (b), a Party may disclose Confidential Information or Highly Confidential Information to any author of that particular information produced by a Producer.

     f.     A Party who wishes to disclose Confidential Information or Highly Confidential Information to a person not authorized under paragraph 4(b) or 4(c) must first make a reasonable and good faith attempt to obtain the Producer's permission and the Producer shall not be obligated to grant permission.  If the requesting Party is unable to obtain permission from the Producer, it may move the Court to obtain permission and the Producer may oppose.

     5.     Patent Prosecution Bar:

     a.     "Prosecution Bar Information" as designated on documents or testimony in the same manner as Highly Confidential Information is designated, is information that is "Highly Confidential Information" and is extremely potent technical information that is not determinable from inspection of commercial products and public information.

  b. Each Party, including their outside counsel, shall create an "Ethical Wall" between those Persons with access to an opposing Party's Prosecution Bar Information after the date of this order and any individuals who, on behalf of each Party or its acquirer, successor, predecessor, or other affiliate, provides input, supervision or assistance into the drafting of claims or claim scope or arguments regarding claims, claim scope or allowability of claims for any patent application, foreign or domestic, pertaining to the invention of the patents-in-suit or vision-based driver assistance systems.

  c. Absent the written consent of the Producer, any Recipient, including a party's outside counsel, that receives access to the Producer's Prosecution Bar Information may not provide input, preparation, supervision or assistance into the drafting of claims or claim scope or arguments regarding claims, claim scope or allowability of claims for any patent application, foreign or domestic, on behalf of any entity, whether party to this action or not, pertaining to the invention of the patents-in-suit or vision-based driver assistance systems.  This prohibition on patent prosecution shall begin when access to Prosecution Bar Information is first received by the affected individual, and shall end one (1) year after the final resolution of this case, including all appeals.  This prosecution bar is personal to the person receiving such Prosecution Bar Information and shall not be imputed to any other person or entity.

  d. The patent prosecution bar of Paragraph 5 herein does not apply to any reexamination, post-issuance or inter partes proceeding initiated at the United States Patent and Trademark Office or at any foreign patent office; without limiting the right of any party to seek to extend a patent prosecution bar to such proceedings upon good cause shown.

  6. <u>Copies:</u>  A Party producing documents as part of discovery must, upon request, furnish the requesting Party with one copy of the documents it requests, at the requesting Party's

expense.  Before copying, the parties must agree upon the rate at which the requesting Party will be charged for copying.

       7.      <u>Inadvertent Disclosure</u>:  Inadvertent disclosures of material protected by the attorney-client privilege or the work product doctrine shall be handled in accordance with Fed. R. Civ. P. 26(b)(5)(B) and Federal Rule of Evidence 502.

       8.      <u>Filing with the Court</u>: A party must seek leave of the Court under the procedures of Local Civil Rule 10.6 prior to submitting documents to the Court under seal.

       9.      <u>Document Disposal</u>:  Upon the conclusion of this case, and after written request from the Producer, each Party must return to the Producer all those documents and copies of documents containing the Producer's Confidential Information or Highly Confidential Information, and must destroy all requested notes, memoranda, or other materials derived from or in any way revealing Confidential Information or Highly Confidential Information. Alternatively, if the Producer agrees, the requested Party may destroy all requested documents and copies of documents containing the Producer's Confidential Information or Highly Confidential Information.  A Party to this action who has disclosed Confidential Information or Highly Confidential Information to Persons identified in Paragraph 4(b)(v) is responsible for obtaining all documents and things containing Confidential Information or Highly Confidential Information from those Persons, or, alternatively, is responsible for obtaining a certificate of destruction by any such Persons.  The Party returning and/or destroying the Producer's Confidential Information and Highly Confidential Information must promptly certify in writing its compliance with the requirements of this paragraph.  Notwithstanding the requirements of this paragraph, a Party and its counsel may retain one complete set of all documents filed with the Court, remaining subject to all requirements of this Order, and outside counsel may retain one

copy of attorney work product documents that incorporate Confidential Information or Highly Confidential Information.

      10.    <u>Originals</u>:  A legible photocopy of a document may be used as the "original" for all purposes in this action.  The actual "original," in whatever form the producing Party has it, must be made available to any other Party within ten days after a written request.

      11.    <u>Survival of obligations</u>:  This Order's obligations regarding Confidential Information and Highly Confidential Information survive the conclusion of this case.

DONE AND ORDERED this 20th day of August, 2013

                                                                                               /s/ Joseph G. Scoville             

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
- - - - - - - -

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:13-cv-00324 |
| v. | ) | |
| | ) | Honorable Robert J. Jonker |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

UNDERTAKING OF [insert name]

I, [insert Person's name], state the following under penalties of perjury as provided by law:

I have been retained by [insert Party's name] as an expert or consultant in connection with this case [I am a designated employee or I am a designated in-house counsel of the Party- insert Party's name].  I will be receiving Confidential [and Highly Confidential] information that is covered by the Court's protective order dated [fill in date].  I have read the Court's protective order and understand that the Confidential [and Highly Confidential] Information is provided pursuant to the terms and conditions in that order.

I agree to be bound by the Court's protective order.  I agree to use the Confidential [and Highly Confidential] Information solely for the purposes of this case.  I understand that neither the Confidential [and Highly Confidential] Information nor any notes concerning that information may be disclosed to anyone that is not bound by the Court's protective order.  I agree to return the Confidential [and Highly Confidential] Information and any notes concerning

that information to the attorney for [insert name of retaining Party] or to destroy the information and any notes at that attorney's request.

      I submit to the jurisdiction of the Court that issued the protective order for purposes of enforcing that order.  I give up any objections I might have to that Court's jurisdiction over me or to the propriety of venue in that Court.

_____
Signature

Subscribed and sworn to
before me this _____ day
of _____, 20\_\_\_\_\_

_____
Notary Public