UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAGNA ELECTRONICS, INC., )<br>  Plaintiff / Counter-Defendant, )<br>)<br>-v- )<br>)<br>TRW AUTOMOTIVE HOLDINGS CORP., )<br>TRW AUTOMOTIVE US LLC, and )<br>TRW VEHICLE SAFETY SYSTEMS INC., )<br>  Defendants / Counter-Claimants, )<br>)<br>_____)<br>)<br>MAGNA ELECTRONICS, INC., )<br>  Plaintiff / Counter-Defendant, )<br>)<br>-v- )<br>)<br>TRW AUTOMOTIVE HOLDINGS CORP., )<br>TRW AUTOMOTIVE US LLC, and )<br>TRW VEHICLE SAFETY SYSTEMS INC., )<br>  Defendants / Counter-Claimants, )<br>_____)<br>)<br>TRW AUTOMOTIVE US LLC, )<br>  Plaintiff / Counter-Defendant, )<br>)<br>-v- )<br>)<br>MAGNA ELECTRONICS INC., )<br>  Defendants / Counter-Claimant. )<br>_____) | Nos. 1:12-cv-654, 1:13-cv-324, 1:13-cv-687<br><br>HONORABLE PAUL L. MALONEY |

## **OPINION AND ORDER CONSOLIDATING CASES**

  The three cases captioned above are all patent infringement suits involving two car parts manufacturers, Magna Electronics and TRW Automotive.  In all, some 23 different patents are involved in these three actions, though the court can roughly categorize them by subject matter. Broadly speaking, the first case relates to forward-facing cameras such as those used to

automatically control a vehicle's headlights; the second case relates to the housing and mounting hardware for those cameras; and the third case relates to rear-facing cameras, though counterclaims in the second and third cases complicate this taxonomy. Regardless, the same lawyers represent the parties in all three cases, and though the oldest case was filed a year before the newest, none of the cases have yet gone through claim construction or dispositive motions.

Before the court today is a series of disputes regarding how this court should administer these cases. The TRW Defendants have asked the court to consolidate the first two cases. (*See* No. 1:12-cv-654, ECF No. 49.) TRW also asks the court to sever Magna's counterclaims from the third case and consolidate them with the first case. (*See* No. 1:13-cv-687, ECF No. 17.) Magna opposes any consolidation or change to the current posture of these cases. At the same time, while TRW would like all of Magna's claims to be consolidated into one case, it does not want the same treatment for its own claims, objecting to the court's suggestion that all three cases be consolidated. Both parties argue that anything other than their preferred structure would give their opponent an unjustified strategic advantage and would unduly complicate matters, causing confusion and inefficiency for the court and the jurors who will ultimately try these cases.

This court finds the parties' objections to be largely overblown. The interests of justice and efficiency would be best served by putting these cases on a common schedule and resolving claim construction and dispositive motions at the same time. The court does, however, agree with the parties that holding a single trial on all issues would likely confuse the jury. Therefore, the court will grant TRW's motions in part, but also go further, consolidating all three cases through pretrial practice, though still allowing for separate trials of all three actions.

**I. BACKGROUND**

    **A.** *Magna I* – **1:12-cv-654**

On June 20, 2012, Magna Electronics Inc. filed suit for patent infringement against TRW Automotive Holdings Corp., TRW Automotive US LLC, and TRW Vehicle Safety Systems Inc. (collectively, "TRW"). (*See* No. 1:12-cv-654, ECF No. 1.) At first, Magna's complaint alleged infringement of eight of its patents, but in July 2012 it added a ninth patent, and by the end of the year it had added a tenth and eleventh.[1] (*See* ECF Nos. 5, 17.)

These eleven patents have many similarities. They all trace back, through continuations and continuations in part, to a single patent application, No. 08/023,918, filed Feb. 26, 1993, and since issued as patent number 5,550,677. They all name Kenneth Schofield and Mark L. Larson as inventors, and eight of the eleven also name Keith J. Vadas as a third inventor. They all relate to the same field of technology, cameras and vision-detection systems for automobiles. And they all, according to Magna, are being infringed by TRW's "TRW Scalable Camera," or "S-Cam," system, a forward-facing camera mounted on a vehicle's windshield. (*See* ECF No. 17.)

In March of this year, this court entered a case management order in this case (which we will call *Magna I*). (ECF No. 29.) This schedule calls for a joint statement of claim construction issues to be filed on October 15, 2013, in preparation for a *Markman* hearing in January of next year. Dispositive motions must be filed by August 29, 2014, and trial is scheduled for March 5, 2015. (*Id.*)

---

[1] Specifically, Magna asserts the following 11 patents against TRW in this case: 6,097,023; 7,423,248; 7,459,664; 7,339,149; 7,344,261; 7,655,894; 7,994,462; 8,203,440; 8,222,588; 8,314,689; and 8,324,552.

**B.** *Magna II* – **1:13-cv-324**

On March 26, 2013, Magna filed a second patent-infringement suit against TRW. (*See* 1:13-cv-324, ECF No. 1.) Magna initially asserted only one patent against TRW (*id.*), but it has since filed three amended complaints—the most recent on September 10, 2013—and now asserts a total of eight patents against TRW.[2] (*See* ECF Nos. 9, 37, 47.) As with Magna I, these patents share a number of features. They all name Niall R. Lynam as an inventor, and many also name Kenneth Schofield, Joshua L. DeWard, and Peter J. Whitehead as co-inventors. All of the patents relate to the mounting system for a forward facing automobile camera, and Magna alleges that the mounting system for TRW's S-Cam system infringes each of them. (ECF No. 47.)

TRW has filed a counterclaim in this case. It alleges that Magna's "camera-based driver assistance system" infringes patent number 6,807,287, which claims an "[a]pparatus for road profile prediction" by analyzing video frames. (ECF No. 11.)

This case was originally assigned to Judge Jonker, who entered a case management order in July of this year. (*See* ECF No. 18.) The substance of that order differs significantly from the one entered in *Magna I*, though it calls for a *Markman* hearing on June 20, 2014, dispositive motions by March 15, 2015, and trial on July 14, 2015. (*Id.*)

**C.** *TRW I* – **1:13-cv-687**

On June 24, 2013, TRW[3] filed suit against Magna for patent infringement. (*See* 1:13-cv-687, ECF No. 1.) It initially claimed infringement of two patents, but several weeks later dropped one

---

[2] Those eight patents are: 8,405,726; 7,533,998; 8,179,437; 8,481,916; 8,508,593; 8,513,590; 8,531,278; and 8,531,279.

[3] Actually just one of the TRW defendants, TRW Automotive US LLC.

of them in favor of bringing it as a counterclaim in *Magna II*. (*See id.*; ECF No. 8.) TRW now claims infringement of patent number 8,233,045 only. This patent relates to rear-view cameras and "image enhancing system[s]," and TRW alleges that Magna's "Rear Vision Cameras" infringe it. (ECF No. 8.)

Magna has filed a counterclaim for infringement of two patents, numbers 8,481,910 and 8,492,698. (ECF No. 13.) Both patents are part of the same family as the patents in *Magna I*, and like those patents, they name Schofield, Larson, and Vadas as inventors. Similarly, these patents relate to cameras and vision-detection systems for automobiles, and as in *Magna I*, TRW is accused of infringing them with its S-Cam system.

The court has not filed a case management order in this case.

### D.     Consolidation and Severance Motions

On July 16, 2013, TRW filed a motion in *Magna I* asking the court to consolidate that case with *Magna II*. (*See* No. 1:12-cv-654, ECF No. 49.) The court, noting that the parties' arguments did not address *TRW I*, ordered the parties to file briefs discussing whether that case should or should not also be consolidated with *Magna I* and *II*. (*Id.*, ECF No. 70.) On August 22, both parties filed their supplemental briefs. Both argued against consolidating *TRW I*, though for somewhat different reasons. That same day, however, TRW asked the court to sever Magna's infringement counterclaims from *TRW I* and consolidate them with *Magna I*. (*See* No. 1:13-cv-687, ECF No. 17.) These issues are now ripe for decision.

## II.     LEGAL FRAMEWORK

Federal Rule of Civil Procedure 21 provides that a court "may . . . sever any claim against a party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own . . . on just terms."

5

*Id.* District courts in this circuit have put forward a variety of factors that courts should consider in deciding whether to sever a claim, including "convenience[,] fairness," and whether severance "will serve the ends of justice and further the prompt and efficient disposition of the litigation." *See, e.g.*, *Everlight Electronics Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, *11 (E.D. Mich. Apr. 30, 2013). Other courts have looked to the factors set out in Rule 42(b) regarding decisions to hold separate trials: "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Johnson v. Advanced Bionics, LLC*, No. 2:08-cv-02376, 2011 WL 1323883, *6 (W.D. Tenn. Apr. 4, 2011).

Federal Rule of Civil Procedure 42(a) provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). The decision to consolidate a case is left largely to the court's discretion, though that decision "is one that must be made thoughtfully" and with reference to the following factors:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (quoting *Hendrix v. Raybestos–Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (alterations in original)).

**III. DISCUSSION**

With these considerations in mind, the court finds that the best course of action is to move

the *TRW I* counterclaims into *Magna I*, then consolidate the three matters for all pretrial proceedings. This structure will best serve the goals of the Federal Rules of Civil Procedure by promoting efficiency by the parties and the court, by avoiding duplicative and potentially contradictory discovery and legal rulings, and by avoiding prejudice and confusion by reducing the complexity of the cases that will ultimately be tried before juries.

The case for consolidating these matters through pretrial proceedings is strong. The three patent suits will share a number of issues of law and fact, as well as some witnesses and significant discovery matters. Consolidating the cases will allow the parties' attorneys to address these common matters one time only, rather than forcing them to rediscover facts in each case. Even though in many cases the parties might stipulate to admit discovery from one case in the other two, this is at best a stopgap measure. Even if the parties started out with the best of intentions, such an agreement may not outlast the first bad deposition or ill-advised interrogatory response. In any case, applying discovery in one case to another case that is in an entirely different stage of litigation leads to complications—for instance, if the opposing party's claims or defenses have not yet been identified—that would be sidestepped by simply consolidating the cases. Consolidation will thus reduce the burden on the parties, their counsel, and third-party witnesses. Further, placing these cases on a common schedule will simplify scheduling for the court and the parties, avoiding conflicts and preventing scheduling concerns from affecting either party's ability to address the substance of their case. From the court's perspective, maintaining a single schedule for these cases will allow the court to address factual and legal disputes in one place rather than in three. This significantly reduces the risk of inconsistent rulings and conserves judicial resources.

Consolidating these three matters would delay resolution of *Magna I*, if not also *Magna II*.

*TRW I* simply cannot be completed on the schedule currently set for *Magna I*, and it probably cannot be resolved on *Magna II*'s time frame either. But though this delay weighs against consolidation, it does not outweigh the benefits outlined above. These three cases are still in their early stages, and trial is still a long way off. Magna objects strenuously to any delay in *Magna I*, arguing that putting off trial in that case effectively denies it any chance for injunctive relief, as its patents are set to expire in March of 2016. But this problem is largely one of Magna's own making. As it admits elsewhere in its brief, it has known of TRW's alleged infringement since 2009; yet it waited until mid-2012 to file suit. Even then, it claimed infringement of 11 separate patents (not counting the two related patents recently added to *TRW I*), and it has since resisted TRW's attempts to get it to reduce the number of claims asserted—hardly a good strategy for obtaining a quick trial.

With that said, the benefits of consolidation discussed above do not extend through trial. Despite their underlying commonalities, these three cases involve different technologies, different sets of prior art, and different economic markets. If the cases were tried together, the jury would effectively have to resolve three different cases, involving a total of 23 different patents, at one time. While the court does not believe that this would be beyond a jury's capabilities, it is certainly more complicated than is necessary. Such a trial would create a significant risk of confusion and would likely end up being longer and more costly than separate trials.[4]

---

[4] The court's decision not to consolidate these matters through trial also helps dispose of Magna's objection that consolidation would deprive it of its right to claim infringement of every claim of every one of its patents. As the Federal Circuit has held, the district courts may order a party to limit its infringement claims, so long as the court's procedures are not so unfair as to violate due process. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303, 1311–13 (Fed. Cir. 2011). Indeed, Magna has admitted that it will eventually have to limit its own claims in order to make its cases manageable for trial. Consolidation here will not affect either principle.

For these reasons, the court will consolidate *Magna I*, *Magna II*, and *TRW I* through all pretrial proceedings, but not for trial itself. This result will minimize prejudice and confusion, promote efficiency by the parties and the court, and provide the best vehicle for resolving the common issues of law and fact presented in these cases.

In addition, the court will sever Magna's counterclaims for patent infringement from *TRW I* and consolidate those claims with *Magna I* for all proceedings, including trial. As noted above, these counterclaims have much more in common with the *Magna I* claims than those in *TRW I*. While Magna's counterclaims relate to a front-facing camera, the rest of the case has to do with rear-facing cameras. This difference amounts to much more than just the direction of the lens, as the two types of camera systems serve very different roles on a car, and the patents involved here claim very different inventions. These two sets of claims have no logical connection, other than the fact that the same two companies are involved. If *TRW I* went to trial as it is, the parties would have to argue two separate cases, and the jury would have to learn about two separate sets of technology, prior art, inventors, and commercial markets. Not only is there no efficiency benefit to trying these claims together, but the added complexity will increase the chance of juror confusion.

At the same time, The patents allegedly infringed in the *TRW I* counterclaims are in the same family as the *Magna I* patents. They share inventors and will almost certainly share prior art. They are asserted against the same TRW product (its front-facing S-Cam), and so Magna would end up presenting much the same case (including fact witnesses, expert witnesses, and damages issues) in the trials for both *Magna I* and *TRW I*. This is highly inefficient. Further, it arguably gives Magna two separate chances at convincing a jury that TRW's S-Cam infringes Magna's patents—and forces TRW to defend against those claims in two separate trials. While this is not

9

legally improper, the interests of fairness and justice weigh toward keeping these claims in a single case if it is reasonable. And here it is reasonable. Because the three cases are being consolidated through pretrial proceedings, severing these two claims and consolidating them with *Magna I* will not further delay these cases. Nor will it harm the parties or cause extra work, overall, for their attorneys.

Still, Magna objects to this result. Notably, it does not argue that its counterclaims logically belong in *TRW I*. Instead, it claims that the efficiency savings are speculative at best and that TRW's request is simply a cynical attempt to gain a strategic advantage over Magna. But one could just as easily say that Magna's decision to file its claims in *TRW I* rather than in *Magna I*[5] was a cynical attempt to gain a strategic advantage. Neither claim holds much sway here. The relevant considerations here are those set out in Rules 21 and 42, and in the cases interpreting those rules. And on those issues, the court disagrees with Magna. In the court's opinion, severance and consolidation is likely to save significant resources, both for the court and the parties. It will serve justice and fairness, reduce the chances of prejudice and confusion, and ease the administration of these complicated matters. None of Magna's objections outweigh these benefits.

### ORDER

For these reasons, the court hereby **ORDERS** as follows:

1. Magna Electronics Inc.'s third and fourth counterclaims (Counts III and IV, Infringement of United States Patents No. 8,481,910 and 8,492,698, respectively) from case number 1:13-cv-687 (*see* ECF No. 13) are hereby

---

[5] While the deadline for amending pleadings in *Magna I* had passed by the time the patents asserted in *TRW I* issued, Magna did not ask the court for leave to amend or otherwise point out these circumstances to the court before filing its counterclaims.

       **SEVERED** from that case and **CONSOLIDATED** with case number 1:12-cv-654 for all future proceedings, including trial.

2. Cases number 1:13-cv-324 and 1:13-cv-687 are hereby **CONSOLIDATED** with case number 1:12-cv-654 for all future proceedings up to, but not including, trial. All future filings in these matters shall be filed in case number 1:12-cv-654.

3. The TRW Defendants' motion to consolidate (No. 1:12-cv-654, ECF No. 49) is hereby **GRANTED IN PART** and **DENIED IN PART**. TRW's motion to sever and consolidate (No. 1:13-cv-687, ECF No. 17) is hereby **GRANTED**.

4. The Case Management Orders in cases 1:12-cv-654 and 1:13-cv-324 (ECF Nos. 29 and 18, respectively) are hereby **VACATED**, except for dates related to facilitative mediation, which will remain in place until further order of the court.

5. The court will schedule a Rule-16 conference, after which a joint Case Management Order and schedule will issue.

**IT IS SO ORDERED.**


Date:   September 24, 2013                             /s/ Paul L. Maloney
                                                                                   Paul L. Maloney
                                                                                   Chief United States District Judge