IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TRW AUTOMOTIVE U.S. LLC., ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 13-cv-00687-RJJ <br> v. ) <br> ) Honorable Paul L. Maloney <br> ) <br> MAGNA ELECTRONICS INC., ) <br> ) <br> Defendants. ) <br> _____ ) | |

### ANSWER TO MAGNA'S COUNTERCLAIMS I AND II

NOW COMES Plaintiff TRW AUTOMOTIVE U.S. LLC ("TRW"), by its undersigned attorneys, and for its Answer to Magna's Counterclaims I and II (the Answer to Counterclaims III and IV is being filed in Case No. 1:12-cv-00654) filed herein by Defendant Magna Electronics Inc. ("Magna"), alleges and states as follows:

THE PARTIES

1.      Magna Electronics Inc. is a corporation organized and existing under the laws of the State of Delaware, registered to do business in the State of Michigan with a registered office of 601 Abbott Road, East Lansing, MI 48823, a place of business at 2050 Auburn Road, Auburn Hills, Michigan 48326, and is doing business in this District (hereinafter "Magna" or "Counterclaimant").

**ANSWER:**     TRW lacks information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

2.      Counterdefendant TRW Automotive US LLC ("TRW," "TRW US" or "Counterdefendant"), alleges that it a Delaware corporation with a facility at 12001 Tech Center Dr., Livonia, Michigan 48150. Upon information and belief TRW US is registered to do business in the State of Michigan, with a registered office at 601 Abbott Road, East Lansing, MI 48823, and facilities located in the Western District of Michigan at 902 Lyons Road, Portland,

1

MI 48875-1097. Upon information and belief, TRW US does business under various assumed names, including without limitation, TRW Automotive and TRW Westminster.

**ANSWER:** Admitted that TRW is Delaware corporation with a facility at 12001 Tech Center Dr., Livonia Michigan 48150. Admitted that TRW is registered to do business in Michigan and has a registered agent for service of process at 601 Abbott Road, East Lansing, MI 48823 and a facility at 902 Lyons Road, Portland, MI 48875-1097—which facility has nothing to do with the subject of this lawsuit. Denied that TRW does business under the names TRW Automotive and TRW Westminster. Any remaining allegations in this paragraph are denied.

3. Counterdefendant TRW US, upon information and belief, is doing business within the State of Michigan and within the Western District of Michigan, and is engaged in continuous and systematic business within the Western District of Michigan, conducts and solicits business within this district and derives substantial revenue from the sales of its products and/or services within this district and elsewhere in Michigan, and including the commission of acts of infringement as hereinafter stated.

**ANSWER:** Denied as to the allegation that TRW "is engaged in continuous and systematic business . . . conducts and solicits business . . . and derives substantial revenue from the sales of its products and/or services . . . and including the commission of acts of infringement as hereinafter stated." Admitted that TRW has at least one facility or registered address in Michigan and is subject to personal jurisdiction in Michigan. Remaining allegations are denied.

4. In addition, this court has personal jurisdiction over Counterdefendant TRW US by virtue of at least Counterdefendant TRW US having voluntarily subjected itself to such jurisdiction by bringing its claim in this action.

**ANSWER:** Admitted.

## JURISDICTION AND VENUE

5. These are counterclaims that arise under the Declaratory Judgment Act 28 U.S.C. §§2201 and 2202, and the patent laws of the United States, Title 35 of the United States Code, §§1 et seq. Magna seeks declarations that it does not infringe any valid enforceable claim of U.S. Patent 8,233,045, and that U.S. Patent 8,233,045 is invalid and unenforceable. Magna further seeks finding of infringement by Counterdefendant TRW of U.S. Patent No. 8,481,910 and U.S. Patent

No. 8,492,698. This Court has jurisdiction in this action under 28 U.S.C. §§1331 and 1338, and 28 U.S.C. §§2201 and 2202.

  **ANSWER:** Admitted that this Court has jurisdiction pursuant to 28 U.S.C. §§1331 and 1338, and 28 U.S.C. §§2201 and 2202. Any remaining allegations are denied.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391 and 1400.

  **ANSWER:** Admitted.

BACKGROUND ALLEGATIONS

7. Counterdefendant TRW US alleges itself to be the owner by assignment of all right, title and interest in U.S. Patent No. 8,233,045 (the '045 patent), including the right to sue for past acts of infringement.

  **ANSWER:** Admitted.

8. Counterdefendant TRW US has alleged that Magna has infringed the '045 patent and has brought the present action alleging the same.

  **ANSWER:** Admitted.

9. Contrary to the allegations of Counterdefendant TRW US, Magna has not in the past and is not now infringing any valid, enforceable claim of the '045 patent.

  **ANSWER:** Denied.

10. Upon information and belief, US Patent No. 8,233,045 is invalid and unenforceable for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §1 et seq., including without limitation 35 U.S.C. §§102, 103, 112 and/or 282.

  **ANSWER:** Denied.

11. On July 9, 2013, United States Letters Patent No. 8,481,910 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Vehicular Image Sensing System." A true and correct copy of United States Patent No. 8,481,910 is attached hereto as Exhibit 1 (hereinafter the "'910 Patent").

  **ANSWER:** Admitted that the '910 patent issued on July 9, 2013. TRW lacks information sufficient to form a belief regarding the ownership of the '910 patent and on that basis denies allegations regarding ownership and assignment. Denied that the '910 patent was

"duly and legally issued" insofar as that allegation implies the validity or enforceability of the '910 patent. Any remaining allegations in this paragraph are denied.

12.     On July 23, 2013, United States Letters Patent No. 8,492,698 was duly and legally issued to Magna, as owner by assignment thereof, for an invention entitled "Driver Assistance System for a Vehicle." A true and correct copy of United States Patent No. 8,492,698 is attached hereto as Exhibit 2 (hereinafter the "'698 Patent").

     **ANSWER:**    Admitted that the '698 patent issued on July 23, 2013.  TRW lacks information sufficient to form a belief regarding the ownership of the '698 patent and on that basis denies allegations regarding ownership and assignment. Denied that the '698 patent was "duly and legally issued" insofar as that allegation implies the validity or enforceability of the '698 patent. Any remaining allegations in this paragraph are denied.

13.     Magna is the owner, by valid assignment, of all right, title, and interest in and to the '910 and/or '698 Patents, including the right to seek remedies and relief for past infringement thereof.

     **ANSWER:**    TRW lacks information sufficient to form a belief regarding the truth of these allegations and on that basis denies them.

14.     Magna and its predecessors in interest have provided actual notice to Counterdefendant TRW of the '910 and/or '698 Patents. The filing and Notice of this action and the Counterclaims in this action also provides actual notice to Counterdefendant TRW of the "910 and/or '698 Patents. Counterdefendant has notice of the '910 and/or '698 Patents.

     **ANSWER:**    Admitted that the filing of the complaint constitutes notice of the existence of the '910 and '698 patents to TRW.  Any remaining allegations in this paragraph are denied.

15.     An actual and justiciable controversy exists between Magna and Counterdefendant TRW concerning whether the actions of Counterclaimant Magna infringe, contributorily infringe and/or induce infringement of the '045 patent. An actual and justiciable controversy likewise exists between Magna and Counterdefendant TRW concerning whether the actions of Counterdefendant TRW infringe, contributorily infringe and/or induce infringement of the '910 and/or '698 Patents.

     **ANSWER:**    Admitted that a justiciable case and controversy exists between Magna and TRW.

4

16.     TRW has marketed, and upon information and belief offered for sale and sold, vision-based vehicle driver assistance systems utilizing what TRW refers as a "TRW Scalable Camera" or "S-Cam" (hereinafter referred to as the "TRW S-Cam System"). Upon information and belief, TRW S-Cam Systems include an imaging sensor and a Mobileye EyeQTM processor accommodated in a housing. Upon information and belief, TRW has designed S-Cams to be attached (and has attached, induced others to attach and has contributed towards others attaching) at the in-cabin surface of vehicle windshields to view through an area swept by a windshield wiper.

     **ANSWER:**     Admitted that TRW U.S. LLC has developed an "S-Cam" product which includes an image sensor.  Denied that the S-Cam includes a "Mobileye EyeQTM processor accommodated into a housing."  Denied as to allegations of inducement or contribution toward others, as those legal terms are understood.  Denied as to any remaining allegations in this paragraph.

17.     Upon information and belief, TRW S-Cam Systems include a CMOS imager having the likes of a 752x480 pixel photosensor array, with a pixel arrangement that includes red/clear/clear/clear spectral filtering (RCCC). Upon information and belief, TRW S-Cam Systems include a lens and infra-red (IR) filtering.

     **ANSWER:**     Admitted that the S-Cam includes a photosensor array including a RCCC pixel array.  Denied as to "spectral filtering."  Denied as to allegations of infra-red filtering.  Admitted that the S-Cam includes a lens.  Denied as to any remaining allegations in this paragraph.

18.     Upon information and belief, TRW S-Cam Systems detect and recognize objects in a forward field of view, examples of which include one or more of headlights, taillights, lane markings, traffic signs and other objects forward of a vehicle. TRW S-Cam Systems provide control for one or more of lane departure warning, forward collision warning, automatic high-beam headlight control and other features. Upon information and belief, those features are provided by TRW S-Cam Systems' utilization of at least one or more of determining the presence of an object in the camera's field of view, the size, shape, contour or motion of an object, the shape, reflectivity, luminance and spectral characteristics of the object and spatial filtering.

     **ANSWER:**     Understanding that this allegation is intended to encompass the terms "detect and recognize objects in a forward field of view, examples of which include one or more

of headlights, taillights, lane markings, traffic signs and other objects forward of a vehicle" and "provide control for one or more of lane departure warning, forward collision warning, automatic high-beam headlight control and other features" as those terms are described in the '910 and '698 patents, it is denied.  To the extent the remainder of this paragraph is understood, it is denied.

19. Upon information and belief, TRW S-Cam Systems include an exposure control which determines an accumulation time that two-dimensional CMOS photosensor arrays (comprising at least 262,144 photosensor elements) of the systems sense light when capturing a frame of image data and the photosensor arrays in TRW S-Cam Systems are arranged in a matrix of columns of photosensor elements and rows of photosensor elements and wherein at least one of (i) the number of columns exceeds 512 and (ii) the number of rows exceeds 512.

**ANSWER:** Understanding that this allegation is intended to encompass the term "exposure control which determines an accumulation time that two-dimensional CMOS photosensor arrays (comprising at least 262, 144 photosensor elements) of the systems sense light when capturing a frame of image data" as that term is described in the '910 and '698 patents, it is denied.  To the extent the remainder of this paragraph is understood, it is denied.

20. Upon information and belief, TRW has installed and utilizes TRW S-Cam Systems in one or more vehicles to develop and establish the operability of TRW S-Cam Systems and for purposes of offering for sale and sale of TRW S-Cam Systems. Upon information and belief, at least one customer of TRW has entered into an agreement with TRW to purchase TRW S-Cam Systems adapted to vehicles of said customer, and said customer has installed one or more TRW S-Cam Systems into vehicles and tested systems for purposes of engaging in sales to end users of vehicles equipped with TRW S-Cam Systems. Upon information and belief, TRW has continued, including continuing after notice, with the use of TRW S-Cam Systems, delivery of TRW S-Cam Systems and in the making of offers for sale of TRW S-Cam Systems to automobile manufacturers.

**ANSWER:** To the extent notice is intended to refer to notice of infringement, denied. To the extent the remainder of this paragraph is understood, it is denied.

COUNT I
Declaration of Non-infringement of United States Patent No. 8,233,045

21. Counterclaimant Magna incorporates and reasserts paragraphs 1-20 herein by reference.

      **ANSWER:**    TRW incorporates and restates its responses to paragraphs 1-20.

22.    An actual and justiciable controversy exists between Magna and Counterdefendant TRW US arising under the Patent Act, 35 U.S.C. § 1 et seq. concerning Magna's non-infringement of the claims of the '045 patent.

      **ANSWER:**    Admitted that a justiciable case and controversy exists between Magna and TRW. To the extent that this paragraph includes an allegation that defendant Magna is not infringing or is entitled to a declaration of non-infringement of the claims of the patents-in-suit, it is denied.

23.    Magna has not infringed and do not infringe any valid, enforceable claim of the '045 patent.

      **ANSWER:**    Denied.

24.    Magna is entitled to a judicial declaration that it has not infringed and does not infringe any valid, enforceable claim of the '045 patent.

      **ANSWER:**    Denied.

COUNT II
Declaration of Invalidity of United States Patent No. 8,233,045

25.    Counterclaimant Magna incorporates and reasserts paragraphs 1-24 herein by reference.

      **ANSWER:**    TRW incorporates and restates its responses to paragraphs 1-24.

26.    The '045 patent is invalid and unenforceable for failure to comply with one or more of the requirements of the Patent Act, 35 U.S.C. §1 et seq., including 35 U.S.C. §§102, 103, 112 and/or 282.

      **ANSWER:**    Denied.

27.    Magna is entitled to a judicial declaration of invalidity and unenforceability of US Patent No. 8,233,045.

      **ANSWER:**    Denied.

### COUNT III
### Infringement of United States Patent No. 8,481, 910

This Count has been severed from the above-captioned case and consolidated with Case No. 1:12-cv-00654.

### COUNT IV
### Infringement of United States Patent No. 8,492.698

This Count has been severed from the above-captioned case and consolidated with Case No. 1:12-cv-00654.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense (Failure to State a Claim)**

The Counterclaims fail to state a claim upon which relief may be granted.

**Second Affirmative Defense (Infringement)**

Defendant Magna infringes, contributorily infringes, and has induced infringement of U.S. Patent No. 8,233,045.

**Third Affirmative Defense (Validity)**

U.S. Patent No. 8,233,045 is presumptively valid, and is not invalid and not unenforceable under the Patent Act, 35 U.S.C. § 1 et seq.

**REQUEST FOR RELIEF**

WHEREFORE, TRW respectfully request that judgment be entered in its favor against Magna as follows:

A.      The Court dismiss Defendant Magna's counterclaims in their entirety with prejudice and that the Defendant/Counter-Plaintiff Magna take nothing therefrom;

B.      The Court enter judgment in favor of TRW and provide the relief prayed for in TRW's First Amended Complaint, including, but not limited to, permanently enjoining Defendant Magna, its officers, directors, licensees, servants, consultants, managers, employees,

agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them as sought in the First Amended Complaint, awarding all damages adequate to compensate TRW as prayed for in the First Amended Complaint, awarding prejudgment and post-judgment interest, awarding enhanced damages of treble TRW's actual damages, finding the case exceptional and awarding reasonable attorneys' fees,

    C.    Such other and further relief as is necessary and appropriate.

Respectfully submitted this 28th day of October, 2013,

/s/ Allan J. Sternstein

Allan J. Sternstein
Timothy K. Sendek
Michael S. Golenson
LATHROP & GAGE LLP
155 North Wacker Drive
Suite 3050
Chicago, Illinois 60606
Phone: 312-920-3300
Fax: 312-920-3301
asternstein@lathropgage.com
tsendek@lathropgage.com
mgolenson@lathropgage.com

Mark J. Magyar
DYKEMA GOSSETT PLLC
300 Ottawa Ave., N.W.
Suite 700
Grand Rapids, MI 49503
Phone: 616-776-7500
Fax: 616-776-7573
mmagyar@dykema.com

*Attorneys for TRW Automotive U.S. LLC.*