UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA ELECTRONICS, INC.,              )
         Plaintiff,                )
                                 )      No. 1:12-cv-654
-v-                                   )         1:13-cv-324
                                 )      HONORABLE PAUL L. MALONEY
TRW AUTOMOTIVE HOLDINGS CORP., ET AL.)
         Defendant.                )
_____)

## OPINION AND ORDER DENYING MOTION TO STAY

This patent infringement case is before the Court on Defendants' motion to stay the case pending the resolution of *inter partes* review (IPR) proceedings with the United States Patent and Trademark Office and an International Trade Commission investigation. (ECF No. 186.) Plaintiff opposes the stay. (ECF No. 200.) For the reasons discussed below, the motion to stay for the duration of the IPR proceedings is premature and will be denied without prejudice and the motion to stay for the duration of the International Trade Commission investigation will be denied.

Magna Electronics alleges that TRW has infringed on fourteen of its patents in this case and an additional eight patents in the consolidated member case, 1:13-cv-324. All of the challenged patents stem from camera technology used in automobiles. In December 2013, TRW filed 18 IPR petitions with the Patent and Trademark Office, requesting an administrative review of 11 of the 14 patents and 319 of the 366 claims at issue in the lead case here. (See ECF No. 187-1.) The Patent and Trademark Office will decide whether to grant full review of these patents by the end of June 2014. If review is granted, the IPR process will take about a year. *See* 35 U.S.C. § 316. Also in December 2013, Magna filed a complaint with the International Trade Commission, alleging infringement of U.S. Patent Nos. 8,116,929 and 8,593,521. These two patents are not part of this

lawsuit, but they relate to the same camera that Magna alleges violates other patents in this suit. The Trade Commission investigation will be completed by June 2015.

Now, TRW requests that the Court stay this case until the investigations described above are completed by the Patent and Trademark Office and the International Trade Commission. TRW argues that the results of those investigations will simplify and clarify this litigation. Magna, on the other hand, believes a delay in the resolution of this case is inappropriate because it will be severely prejudicial to Magna, given that Magna and TRW are direct competitors.

District courts have broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 707 (1997). Courts generally consider three factors to determine if a stay is appropriate: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Magna Donnelly Corp. v. Pilkington N. Am., Inc.*, No. 4:06-cv-126, 2007 WL 772891 (W.D. Mich. Mar. 12, 2007); *Equipements de Transformation IMAC v. Anheuser-Busch Cos., Inc.*, 559 F. Supp. 2d 809, 815 (E.D. Mich. 2008). There is a liberal policy in favor of granting motions to stay cases while waiting for IPRs. *Visual Interactive Phone Concepts, Inc. v. Samsung Telecommc'ns Am., LLC*, No. 11-12945, 2012 WL 1049197, at *2 (E.D. Mich. Mar. 28, 2012). However, the burden is on the party requesting a stay to show that the delay is appropriate under the circumstances. *Everlight Electronics Co., Ltd. v. Nichia Corp.*, No. 12-cv-11758, 2013 WL 1821512, at *6 (E.D. Mich. April 30, 2013).

### A. Patent and Trademark Office *Inter Partes* Review

Magna argues that a stay of the case based on the requested IPRs is premature because the Patent and Trademark Office has not yet decided whether it will grant review. The need for a stay

is too speculative, it asserts. TRW argues that the Patent and Trademark Office has instituted proceedings on 82% of the petitions filed under this procedure, so it is "highly improbable" that review will not be instituted on at least some of its claims.

The Court finds that a stay is premature at this time. The merits of the decision to stay the case cannot be fully examined until the Patent and Trademark Office determines which, if any, of the patent claims will be reviewed and the scope of that review. *Derma Scis., Inc. v. Manukamed Ltd*, No. 12-3388, 2013 WL 6096459, at *1 (D.N.J. July 19, 2013) (finding that after review is granted, "the Court can more fully evaluate the PTO's view and make a more informed determination of whether the reexamination proceeding merits a stay of this action"). District courts around the country recognize that a stay is not warranted simply because a petition for *inter partes* review was filed with the Patent and Trademark Office; whether review will be granted is speculative. *See Automatic Mfg. Sys., Inc. v. Pimera Tech., Inc.*, No. 6:12-cv-1727, 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013) ("[I]t seems clear that a stay of a patent infringement action is not warranted when based on nothing more than the fact that a petition for inter partes review was filed in the USPTO.")*; Dane Tech., Inc. v. Gatekeeper Sys., Inc.*, No. 12-2730, 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013) (dismissing argument that review is likely because 89% of IPR petitions are granted)*; Ultratec, Inc. v. Sorenson Comm., Inc.*, No. 13-cv-346, 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013) ("[T]he fact that the Patent Office has not yet granted the petitions to review the . . . patents adds an additional layer of doubt whether the inter partes review will even occur, let alone whether it will simplify the issues or reduce the burden of litigation for the parties or the court"). Ultimately, if the Patent and Trademark Office denies review, a stay at a minimum will have no benefit in this suit. *See Dane Tech.*, 2013 WL 4483355, at *2; *U.S. Nutraceuticals, LLC v.*

3

*Cyanotech Corp.*, No. 5:12-cv-366, 2013 WL 6050744, at *3 (M.D. Fla. Nov. 15, 2013) ("[A] stay would prejudice Plaintiffs' ability to prosecute its claims and present a clear tactical advantage to Defendants.").

Accordingly, the motion to stay the case pending the completion of IPR proceedings will be denied without prejudice. If the Patent and Trademark Office grants review of any of the patents at issue in this case, the motion may be renewed.

### B. International Trade Commission Investigation

TRW also argues that this case should be stayed because two patents are the subject of an International Trade Commission investigation that will conclude in June 2015. However, those patents are not at issue in this suit, but are part of another suit pending in this District that the parties have labeled "Magna III" (1:13-cv-1364). In that case, Magna asserts the infringement of five additional patents based on camera technology used in automobiles. Judge Quist issued an order staying the claims based on patents 8,116,929 and 8,593,521 until the Trade Commission investigation is complete. TRW has also moved to sever two other counts in Magna III and consolidate those patents with this case.

Even though the '929 and '521 patents are not part of this case, TRW argues that those patents are related enough to the patents at issue in this case that the Trade Commission's resolution will impact this action. TRW argues that the '929 and '521 patents relate to the same technology and the same product and were invented by the same person, so the Trade Commission's ruling will simplify the issues in this case and provide guidance for the parties. Magna asserts that the two patents are "very different from those of Magna I" and there is no overlap of claims or issues that will be resolved in the Trade Commission proceeding.

Magna also asserts that a year of delay will cause it material prejudice as Magna and TRW directly compete and demand for the patented technology continues. Magna claims it is losing market share and goodwill, that delay would hinder its ability to capture evidence to support this litigation, and that delay degrades the value of possible injunctive relief because the patents expire in March 2016. TRW responds that mere delay is insufficient to establish prejudice and Magna has been responsible for significant delay in this case already.

Finally, TRW asserts that this litigation is in its early stages because discovery has begun but depositions have not been taken and experts have not been identified, claim construction has not occurred, a third amended complaint was recently filed, and the *Markman* hearing and trial are many months away. Magna argues that this case is not in its early stages because it has been pending since June 2012, significant discovery has been conducted, and TRW has caused delay.

TRW has not met its burden here to demonstrate that a stay is warranted. It has provided no plausible indication that the Trade Commission's decision on two patents not at issue in this case will impact this Court's analysis of the patents that are at issue in this case. The record contains very little information about the scope of the investigation. Further, if the '929 and '521 patents alleged to be infringed in Magna III were related enough to impact the patents at issue in this case, the parties should have notified the court when Magna III was filed that it was related to another pending civil case in the District or attempted to amend the instant complaint. Thus, the consideration of whether a stay will simplify the issues in question and trial of the case weighs heavily in Magna's favor against staying the case.

Further, even if the Trade Commission investigation may have some marginal impact on this case, the prejudice Magna asserts it will suffer far outweighs the utility of a stay. TRW is correct that

the mere passing of time is not enough to demonstrate prejudice. *See, e.g., Semiconductor Energy Lab Co. LTD v. Chimei Innolux Corp.*, No. 12-21-JST, 2012 WL 7170593, at *3 (C.D. Cali. Dec. 19, 2012). However, Magna raises concerns above and beyond mere delay that courts recognize as causing prejudice, including the consequences of direct competition with the alleged infringer, the eroding value of an injunction, and loss of evidence. *See Everlight Electronics*, 2013 WL 1821512, at *8; *Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-cv-552, 2014 WL 533494, at *2 (S.D. Ohio Feb. 11, 2014). Thus, the prejudice factor weighs heavily against granting a stay as well.

The final factor–the procedural posture of the case–weighs in favor of a stay. Although some significant discovery has taken place, this case is nearly 20 months from trial, the *Markman* hearing is more than five months away, and much is left for the parties to do in preparation. *C.f. Semiconductor Energy Lab,* 2012 WL 7170593 at *1-2.* Yet, this factor does not establish that a stay is justified in light of the weight the other two factors create against staying the case.

Overall, consideration of the three relevant factors demonstrates that this case should not be stayed pending the Trade Commission investigation results. The motion to stay based on the International Trade Commission investigation is denied.

### ORDER

For the reasons discussed above, the motion to stay based on the IPR proceedings in front of the U.S. Patent and Trademark Office is **DENIED WITHOUT PREJUDICE.** The motion to stay based on the International Trade Commission's investigation is **DENIED.** (ECF No. 186.)

**IT IS SO ORDERED**.


Date:   June 12, 2014                        /s/ Paul L. Maloney
                                            Paul L. Maloney
                                            Chief United States District Judge