IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

- - - - - - - -

| | | |
|---|---|---|
| MAGNA ELECTRONICS INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:12-cv-00654 |
| | ) | |
| v. | ) | |
| | ) | Honorable Paul L. Maloney |
| TRW AUTOMOTIVE HOLDINGS CORP.; | ) | |
| TRW AUTOMOTIVE US LLC; and | ) | |
| TRW VEHICLE SAFETY SYSTEMS INC. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO BAR DEFENDANTS FROM CALLING AT TRIAL DRS. MATTHEW TURK AND RALPH ETIENNE-CUMMINGS.**

Defendants TRW Automotive Holdings Corp., TRW Automotive U.S. LLC, and TRW Vehicle Safety Systems Inc. (collectively, "TRW"), through counsel, submit the following opposition to Magna's motion in limine to bar Defendants from calling at trial Drs. Matthew Turk and Ralph Etienne-Cummings. (ECF 689.)

Turk and Etienne-Cummings are experts that *Magna* retained in connection with *Inter Partes* review ("IPR") proceedings relating to the patents at issue in this case. In the IPR proceedings, Magna submitted the written direct testimony of Turk and Etienne-Cummings into the file history of the patents in an attempt to defend the validity of the patents. TRW took the depositions of Turk and Etienne-Cummings in cross-examination of their direct testimony. The parties have designated and cross-designated testimony[1] from the witness's deposition

---

[1] *See* Proposed Pre-Trial Order at Dkt. #754-8.

transcripts.[2]  Magna's counsel was present for both depositions and had an opportunity to ask questions to Turk and Etienne-Cummings.  The testimony provided by Turk and Etienne-Cummings is relevant to issues in this case concerning the invalidity of the asserted patents, and specifically to the content and scope of the prior art and to whether the patents are invalid under 35 U.S.C. Section 112.

TRW has identified on its exhibit list for trial certain written and deposition testimony from Turk and Etienne-Cummings, obtained during the related IPR proceedings, that is relevant to several issues in this case.

For example, in the IPR for U.S. Patent No. 7,994,462, Magna's expert Turk provides testimony about what the prior art Kenue reference discloses.  This is relevant to the jury's determination about the content and scope of the prior art in this case.  It is also different from what Magna's expert, Dr. Heeger, contends in this case.  TRW should be able to inform the jury that Magna is taking one position in this case and a different position in IPR proceedings about the prior art.

In addition, Etienne-Cummings stated in direct and cross-examination testimony in the IPR proceedings that CMOS technology was very new and a person of ordinary skill in the art would not know how to modify a CMOS to work in the way required for Magna's patent claims.  This is relevant to the jury's determination of invalidity of the asserted patents under 35 U.S.C. Section 112.  The patents will be invalid if the patents' disclosures lack any disclosure of how to modify a CMOS.

The testimony exhibits that TRW identified is sworn testimony given under oath by Magna's own expert witnesses in the IPR proceedings and is part of the public record

---

[2] Ex. _A (Turk, November, 11, 2014 transcript and Turk, November, 12, 2014 transcript) and Ex. _B_ (Cummings December 11, 2015 transcript).

at the United States Patent and Trademark Office. It falls squarely within exceptions to the prohibition against hearsay, is relevant to issues in this case and would not be unfairly prejudicial to Magna. Magna simply wants it excluded because it does not like their testimony. Magna's motion should be denied.

### 1. The Deposition Testimony of Turk and Etienne-Cummings from Related IPR Proceedings Is Admissible Under Fed. R. Evid. 802 and Fed. R. Civ. P. 32

Fed. R. Evid. 802 states:

Hearsay is not admissible unless any of the following provides otherwise:
- a federal statute;
- these rules; or
- other rules prescribed by the Supreme Court.

Fed. R. Civ. P. 32 is one of the rules and is a freestanding exception to the hearsay rule. *See*, *e.g.*, *Ueland v. United States*, 291 F.3d 993, 996 (7th Cir. 2002) ("Rule 32(a), as a freestanding exception to the hearsay rule, is one of the 'other rules' to which Fed. R. Evid. 802 refers. Evidence authorized by Rule 32(a) cannot be excluded as hearsay, unless it would be inadmissible even if delivered in court.").

Under Fed. R. Civ. P. 32(a), a deposition may be used against a party if: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8). Fed. R. Civ. P. 32(a)(1).

Fed. R. Civ. P. 32(a)(4)(B) states that "a party may use for any purpose the deposition of a witness, whether or not a party, if the court finds: that the witness is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witnesses absence was procured by the party offering the deposition."

3

Fed. R. Civ. P. 32(a) applies here because Magna's counsel was present at both of the depositions. The testimony of Turk and Etienne-Cummings, if given in Court, would be admissible if given by them live. Indeed, Magna does not argue that it would otherwise be hearsay. In addition, Turk resides in California[3] and Etienne-Cummings resides in Baltimore,[4] and they are not within the subpoena power of this Court. Thus, they are unavailable under the Rule. Thus, the use of their depositions is an exception to hearsay and, under Fed. R. Civ. P. 32(a)(4), may be used for any purpose.

### 2. The Hearsay Exception of 804(b)(1) Also Applies

Magna argues that the deposition testimony is not admissible under FRE 804(b)(1) because there is no showing that the witnesses are unavailable and that Magna did not have a "similar motive" to depose the witnesses, are required by the Rule. Magna is wrong.

As noted above, Turk resides in California and Etienne-Cummings resides in Baltimore, and they are not within the subpoena power of this Court. Thus, they are unavailable under the Rule.

Prior testimony may be admitted under Rule 804(b)(1) if the party against whom the testimony is now offered, or, in a civil case, a predecessor in interest, had "an opportunity and similar motive to develop it by direct, cross-, or redirect examination." "Similar motive" does not mean "identical motive." *See*, *e.g.*, *United States v. Miller*, 904 F.2d 65, 68 (D.C. Cir. 1990) (comparing government's respective motives using high level of generality, concluding that "[b]efore the grand jury and at trial" testimony of unavailable coconspirator "was to be directed to the same issue—the guilt or innocence" of the defendants, and thus, government's motives

---

[3] Dr. Turk is a professor at the University of California, Santa Barbara, California. https://www.cs.ucsb.edu/~mturk/ (Exhibit C).

[4] Dr. Etienne-Cummings is a professor at Johns Hopkins University in Baltimore, California. http://etienne.ece.jhu.edu/etienne/ (Exhibit D).

were sufficiently similar); *United States v. Foster*, 128 F.3d 949, 957 (6th Cir. 1997) (citing *United States v. Miller*, 904 F.2d 65, 68 (D.C. Cir. 1990), with approval.)

This issue turns on whether Magna had a substantially similar interest in asserting and prevailing on the issue. The issues need not be the same in the two proceedings, and the existence of additional issues in one of the cases is immaterial so long as the motive with which the testimony was developed is similar.

Here, Magna had a substantially similar interest and motive to develop Turk's and Etienne-Cummings' deposition testimony because the ultimate issue in the IPR proceedings is the invalidity of patents related to the ones at issue in this case. The testimony of Turk and Etienne-Cummings about the scope and content of the prior art and about how a person of ordinary skill in the art would interpret Magna's patent disclosures is equally relevant in this case a well because the same issues are being decided here. It would unfairly prejudice TRW if Magna were allowed to exclude this testimony.

### 3. The Hearsay Exception of 807 May Also Apply

To the extent the Court feels Fed. R. Evid. 802 and Fed. R. Civ. P. 32 and Fed. R. Evid. 804 do not apply, the Court may apply the residual exception of Fed. R. Evid. 807 because the deposition testimony has equivalent circumstantial guarantees of trustworthiness (Turk's and Etienne-Cummings' testimony was given under oath), is offered as evidence of a material fact (what the content and scope of the prior art is and what a person of ordinary skill in the art would have known), is more probative on the point than any other evidence the proponent can obtain through reasonable efforts (this testimony is relevant to issues in this case and the credibility of Magna's experts in this case) and admitting it will best serve the interests of justice (the public has an interest in invalidating invalid patents and not letting Magna take inconsistent positions

5

about its patents in this Court and in the PTO). Magna has been given fair notice of TRW's intent to introduce this testimony and this exception also applies.[5]

### 4. The Testimony Is Relevant and Not Unfairly Prejudicial

Magna complains the testimony should also be excluded under FRE 402 and 403. However, the deposition testimony is relevant to the content and scope of the prior art and to what a person of ordinary skill in the art would have known from the disclosure of the asserted patents. The different standards about the validity in the IPR and in Court do not affect the actual testimony of these witnesses and so there is no risk of unfair prejudice to Magna. The testimony would be the same in the IPR proceedings as it would be here.

Magna also complains that it would be unfair if TRW called Magna's experts because the jury will assume that Magna was suppressing evidence and its credibility would be destroyed. That is exactly the point. This evidence goes to the credibility of Magna's and its experts arguments in this case. Magna should not be able to suppress this evidence, evidence that is part of the public record and from its own experts, under the guise of it being hearsay and not relevant.

### 5. Magna Has Had Notice of the Deposition Testimony

Magna complains that Mr. Turk and Mr. Etienne-Cummings were not properly disclosed as expert witnesses under Fed. R. Civ. P. 26 (a)(1) and (2). However, TRW properly disclosed the deposition testimony of these witnesses that it plans to use pursuant to the Court's pre-trial order.

---

[5] Magna also argues that the evidence does not qualify as an exception to hearsay under FRE 801. TRW disagrees and believes Magna endorsed and adopted their testimony by proffering their direct testimony in the IPR proceedings. TRW sees no need to argue the exception under FRE 801 further since TRW has shown that other hearsay exceptions already apply.

6

Magna is wrong when it contends that TRW was required to disclose these witnesses as experts pursuant to Rule 26(a)(2)(B).  As an initial matter, Rule 26(a)(2)(B) only applies to witnesses that were  specifically hired to testify in this case.  Here, TRW did not hire these witnesses to testify specifically for this case.  In fact, these witnesses were hired by Magna for proceedings in the PTO relating to the asserted patents and patents in the same patent family.

Any failure by TRW to disclose their testimony under Fed. R. Civ. P 26 was not unfairly prejudicial to Magna.  These are Magna's experts and they have known about the testimony from the day it was given.

For the reasons above, the written and deposition testimony of Turk and Etienne-Cummings from the IPR proceedings is admissible under Fed. R. Evid. Fed. R. Evid. 802 and Fed. R. Civ. P. 32, 804(b)(2) and  807 and  Magna's motion to exclude it should be denied.

Dated: January 16, 2016

Respectfully submitted,

/s/ Timothy K. Sendek
Allan J. Sternstein
Timothy K. Sendek
Michael S. Golenson
Sara M. Skulman
LATHROP & GAGE LLP
155 N. Wacker Drive, Suite 3050
Chicago, IL 60606
Phone: 312-920-3300
Fax: 312-920-3301
asternstein@lathropgage.com
tsendek@lathropgage.com
mgolenson@lathropgage.com
mskulman@lathropgage.com

William A. Scofield, Jr.
LATHROP & GAGE LLP
28 State Street
Boston, Massachusetts 02109
Phone: 857-300-4032
Fax: 857-300-4001
wscofield@lathropgage.com

Frederick D. Dilley
FOSTER SWIFT COLLINS & SMITH PC (GR)
1700 E Beltline Ave., Ste. 200
Grand Rapids, MI 49525
Phone: 616-726-2247
Fax: 616-459-0137
fdilley@fosterswift.com

*Attorneys for TRW Automotive Holdings Corp., TRW Automotive U.S. LLC, and TRW Vehicle Safety Systems Inc.*