UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MAGNA ELECTRONICS, INC.,        )<br>      Plaintiff,        )<br>        )<br>-v-        )<br>        )<br>TRW AUTOMOTIVE HOLDINGS CORP.,        )<br>TRW AUTOMOTIVE US LLC, and        )<br>TRW VEHICLE SAFETY SYSTEMS INC.,        )<br>      Defendants.        )<br>_____)  | No. 1:12-cv-654<br><br>HONORABLE PAUL L. MALONEY |

## ORDER RESOLVING MOTIONS IN LIMINE

This matter is before the Court on several motions in limine. The Court has considered all of the filings related to these motions, and held additional oral argument on this date with respect to three motions. (ECF Nos. 694, 697, and 700.) For the reasons stated on the record at a hearing on this date, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** Magna's "Motion to Exclude Letters from Gideon Stein and Ofer Maharshak at Mobileye" (ECF No. 697); TRW may raise a new motion on the established trial record with respect to the admissibility of Mr. Maharshak's letter of March 11, 2015, constituting the culmination of guidance from Mobileye to TRW on the issue of infringement of Magna's patents.
2. **DENIES AS MOOT** Magna's "Motion to Preclude Expert Testimony Concerning Legal Opinions or Conclusions" (ECF No. 700);
3. **GRANTS IN PART** and **DENIES IN PART** Magna's "Motion to Exclude References to or Reliance on Prior Art other than References "A" to "U" on Defendants' 6th Amended Disclosure of Prior Art, and to Preclude Certain Witness Testimony Regarding Prior Art" (ECF No. 694);
4. **GRANTS IN PART** and **DENIES IN PART** Magna's "Motion to Bar Defendants from Calling at Trial Drs. Matthew Turk and Ralph Etienne-Cummings" (ECF No. 689);
5. **GRANTS IN PART** and **DENIES IN PART** TRW's "Motion to Exclude M. Nranian Opinions Regarding Secondary Considerations of Nonobviousness" (ECF No. 727);
6. **GRANTS** Magna's "Motion to Exclude Pleadings and Evidence Relating to Other Proceedings" (ECF No. 691);

1

7. **DENIES** Magna's "Motion to Exclude References to Defendants' Patents" (ECF No. 690), but **DIRECTS** TRW to follow the Court's guidance stated on the record on this date, and urges both parties to confer and raise any issues relating to such evidence prior to the start of each day at trial;
8. **GRANTS IN PART** and **RESERVES IN PART** Magna's "Motion to Exclude Evidence of Dropped Patents and Claims" (ECF No. 692), with the following additions and clarifications:

On the record, the Court noted that evidence of Magna's dropped patents and claims is largely irrelevant for the first phase of the trial, and to the extent it is minimally probative with respect to TRW's prosecution laches defense, the Court finds that the injection of additional patents and claims will unnecessarily lead to jury confusion and/or unfairly prejudice Magna. The Court rules as such in part because Magna was forced by Court order, not its own doing, to significantly pare down its claims in this case.

TRW's citation to *Symbol Techs., Inc. v. Lemelson Med., Educ. & Research Found., Ltd. P'ship*, 301 F. Supp. 2d 1147, 1156 (D. Nev. 2004), *aff'd.*, 422 F.3d 1378 (Fed. Cir. 2005) is misplaced, and that case is distinguishable from this case. There, the district court cited as one of many factors the fact that the patentee had "drafted and prosecuted hundreds of new claims" as "warranting the application of prosecution laches." However, the patentee in that case had, for example, an "18 to 39 year delay in filing and prosecuting the asserted claims," and in any event, the Federal Circuit held *other* evidence sufficient to uphold the district court's decision.

In addition, while TRW apparently seeks to preserve obviousness-type double patenting as a defense at trial, the Court has already found that its approach as to the vast majority of the claims at issue was unsanctioned by law[1]; indeed, even TRW admitted that "[t]he ultimate

---

[1] With the exception of one patent, which the Court invalidated by granting TRW's motion (ECF No. 662), the Court rejected the remainder of TRW's approach to the doctrine. In fact, with only a couple exceptions, the Court did not even construe the claims at issue because it found it would have been futile in light of TRW's impermissible approach. The Court noted that "[i]f TRW's approach is not permissible as to each patent, even if the Court

finding of obviousness-type double patenting is primarily a question of law," and the Court did not find that genuine issues of material fact existed, to the extent the doctrine is minimally related to "some underlying findings of fact." (*See* ECF No. 584 at PageID.21211–12); *see, e.g., Otsuka Pharm. Co. Ltd. v. Sandoz, Inc.*, 678 F.3d 1280, 1290 (Fed. Cir. 2012). The Court spent countless hours sorting through TRW's novel and ultimately, in the Court's view, impermissible approach; the Court is quite confident that the injection of countless additional, mostly irrelevant patents and claims would, at a minimum, lead to excessive "jury confusion" in this case.[2]

The Court also notes that both parties seem to disagree on the status of TRW's double-patenting defense, more generally. For example, TRW includes a proposed jury instruction on obviousness-type double patenting, while Magna does not. (*Compare* ECF No. 818 *with* ECF No. 811.) Further, Magna argues in its statement of the elements that "TRW improperly alleges the defense of double patenting." (ECF No. 814 at PageID.33328.)

The Court notes that while TRW may disagree with the Court's prior ruling on TRW's motions for summary judgment, it has the ability to appeal the Court's denials of motions for summary judgment and any forthcoming evidentiary ruling barring evidence of dropped patents and claims (that would otherwise be relevant to a *valid* double patenting defense). The basis for excluding the evidence include: 1) the evidence is irrelevant given the Court's prior holdings on TRW's approach to the doctrine, particularly given the law-of-the-case doctrine, 2) such minimally relevant evidence for prosecution laches would necessarily cause excessive jury confusion, and 3) Magna would face unfair prejudice by blanketing the jury with the introduction of a host of patents and claims no longer asserted in this case for reasons out of Magna's control.

---

construed the various claim limitations across claims and patents, and determined that any differences out of context were not patentably distinct, TRW would not prevail." (ECF No. 676 at PageID.28408.)

[2] The Court recognizes that the procedural posture of its rulings were on denials of TRW's motions for summary judgment.

Again, the Court is concerned that the addition of numerous patents and claims in the context of a complicated doctrine will needlessly cause jury confusion and cause unfair prejudice to Magna. Simply put, if the Court found that TRW's approach to obviousness-type double patenting, "primarily a question of law," was unsanctioned by law, the Court does not see how any evidence relating to such a defense would be relevant at trial. In addition, the Court does not see how any disputes in fact exist for the finder-of-fact to consider related to this doctrine.

The Court will finally remind the parties of the "law-of-the-case" doctrine. The doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983); *Scott v. Churchill*, 377 F.3d 565, 569–70 (6th Cir. 2004). "The doctrine bars a court from reconsidering issues 'decided at an early state of the litigation, either expressly *or by necessary inference from the disposition*.'" *Hanover Ins. Co. v. Am. Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997) (quoting *Coal Res., Inc. v. Gulf & Western Indus., Inc.*, 865 F.2d 761, 766 (6th Cir. 1989)) (emphasis added).

Thus, the Court **ORDERS** both parties to submit supplemental briefs on the question of whether the Court should allow TRW to assert a defense of obviousness-type double patenting, or introduce any evidence relevant for only that purpose, at trial. The parties should pay special attention to the Court's prior rulings with respect to that doctrine. And the parties should identify any "underlying findings of fact" *with specificity* regarding obviousness-type double patenting that the jury would need to consider. *See Otsuka Pharm. Co. Ltd.*, 678 F.3d at 1290.[3]

The parties are to submit briefs no later than **Thursday, January 28 at 4:00 p.m.**

---

[3] The Court will again note that for purposes of summary judgment, TRW necessarily argued that no genuine issues of material fact existed, and agreed that [t]he ultimate finding of obviousness-type double patenting is primarily a question of law." *Id.*

The Court is further not satisfied that it has received adequate briefing targeted specifically to the question of whether TRW's use of Magna's dropped patents and claims should be allowed for purposes relating to willfulness in the second phase of the trial. Thus, the Court **ORDERS** both parties to submit supplemental briefs as to that question no later than **Monday, February 8 at 11:59 p.m.**

    IT IS SO ORDERED.


Date:  January 26, 2016           /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge